FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -8 PM 1:49

Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Attorney for Defendants Hyden
& Henry

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

CHARLIE J. DAVIS, JR.,                    )
                                          )
         Plaintiff,                       )
                                          )
    vs.                                   )
                                          )
ZELMAR HYDEN, ET AL.,                     )
                                          )
         Defendants.                      )
_____ )    Case No. A02-214 CV (JKS)

OBJECTIONS TO REPORT AND RECOMMENDATION AT DOCKET 62

I.    Standards for Evaluating the Motion to Dismiss.

         The proper form of a pretrial motion to resolve the contention that a

prisoner has failed to exhaust his administrative remedies is an unenumerated Civil Rule

12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion

to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the

pleadings and decide disputed issues of fact. *Id.*, at 1119-1120. After pleadings are

closed, a Rule 12(c) motion on the pleadings is the proper form. When matters outside the

pleadings are considered, the motion is treated as a Rule 56 motion. *See* Civil Rule 12(c).

Objections to Report and Recommendation
*Davis v. Hyden, et al.*, Case A02-214 CV (JKS)
Page 1 of 5.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3428

The proper form of a pretrial motion to resolve the contention that a prisoner has failed to allege a physical injury within the meaning of 42 USC 1997e(e) is a Civil Rule 12(b)(6) motion. *See Todd v. Graves*, 217 F.Supp.2d 958 (S.D. Iowa 2002). A Rule 12(c) motion is the proper form when the pleadings are closed. When matters outside the pleadings are presented to the court, the motion is treated as one for summary judgment and disposed of as provided in Rule 56. *See* Civil Rule 12(c).

II.    Davis Failed to Exhaust His Administrative Remedies.

*Brown v. Sykes*, 212 F.32d 1205 (11th Cir. 2000) is distinguishable from the case at bar because unlike Brown, Davis failed to include in his grievance all the information that he had concerning his medical condition. Although he complained that he had not had his blood tested (PT/INR) for 27 days, Davis did not disclose that he had asked his Haines physician for a note that he was to have his blood drawn twice a month. Nor did he state that he had any consequences (i.e., nosebleeds, blood pressure spikes, pain and dizzy spells) resulting from the allegedly inadequate medical care. There is nothing in his grievance about staff refusing to dispense his medication to him. The relief he requested was compliance with *Cleary*, DOC's Policies and Procedures and the administrative regulations, and the hiring of a full-time registered nurse.

One of the reasons supporting the adoption of the doctrine of exhaustion of administrative remedies is that it gives the prison notice of an alleged problem and the opportunity to correct its own errors and develop a factual record. *See Ross v. County of Bernalillo, 365 F.3d 1181, 1188 (10th 2004); Broeckel v. State*, 941 P.2d 893 (Alaska 1997). Had Davis disclosed in his grievance that he had a note from his physician

Objections to Report and Recommendation
*Davis v. Hyden, et al.*, Case A02-214 CV (JKS)
Page 2 of 5.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3428

regarding the frequency of his blood work, DOC would have had the opportunity to explain to him that DOC is not bound by any outside physician's recommendations or prescriptions. If Davis had disclosed his alleged physical injuries, DOC would have had notice of them and an opportunity to address them. In this case, there is nothing in Davis's grievances or medical records that he told PCC staff about his alleged nosebleeds, pain, dizzy spells or blood pressure spikes and that he attributed them to inadequate medical care. *See* discussion, *infra*. Nor is there any indication that he ever told the medical staff that his medication had not been dispensed to him as prescribed. Davis did not fully exhaust his administrative remedies. Mr. Hyden and Mr. Henry should not have to defend against new claims of which they had no prior notice.

III.    Davis Failed to Allege and Prove any Physical Injury.

*Todd v. Graves,* 217 F.Supp.2d 958, 959 (S.D. Iowa 2002) is indeed analogous to the present case in terms of identifying a physical injury within the meaning of 42 USC 1997e(e). Davis's alleged damages do not transform themselves into a "physical injury" simply because he claims defendants were deliberately indifferent to his serious medical condition, whereas Todd claimed his damages were caused by having been wrongfully discriminated against because he is African American. *Todd*, at 959. Both men claimed that their hypertension was aggravated and that they were at a greater risk of a heart attack due to the defendants' actions. *Id.,* at 960. Other courts have similarly found *de minimis* allegations of increased blood pressure or pain caused by not receiving medication. *See Canell v. Multnomah Country, et al*, 141 F.Supp.2d 1046, 1052 (D. Oregon 2001); *Davis v. Bowles,* 2004 WL 1205182 (N.D. Texas 2004), rec. adopted

Objections to Report and Recommendation
*Davis v. Hyden, et al.,* Case A02-214 CV (JKS)
Page 3 of 5.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3428

2004 WL 1381045 (N.D. Texas 2004); *Morgan v. Dallas County Sheriff's Dept*, 2005 WL

57282 (N.D. Texas 2005); *Jones v. H.H.C, Inc.*, 2003 WL 1960045 (S.D.N.Y. 2003).

Davis has shown that he was fearful of physical injury because he had a

heart attack and a defribrillator implanted in February, 2002, prior to his incarceration.  He

even claims to have pled out to drug charges because he did not want to undergo the stress

of a criminal trial.  He was so fearful of another heart attack that he had a Haines doctor

write out a prescription for him for blood tests associated with the drug Coumadin, and he

had copies of his Coumadin booklet and his cardioverter defribrillator booklet with him in

prison.   Fear of physical injury is not actual physical injury.  The Prison Litigation

Reform Act prevents damage claims based on conditions creating "imminent danger" of

being injured.  *See Canell v. Multnomah Country, et al*, at 1052.

Davis's affidavit and medical records do not show that he complained of, or

had, any physical injury caused by allegedly inadequate medical care while he was at

PCC.[1]   He was seen by the medical staff or had blood drawn at PCC on numerous

occasions:  April 26 & 28, May 2, 8, 10, & 30, June 5 & 24, July 3 & 29, August 14 & 23,

September 20, and October 23, 2002.  There is no indication in his medical records that he

ever reported to the medical staff at PCC that he was having blood pressure spikes, dizzy

spells, nosebleeds, or pain, with the exception of the nose bleeding incident caused by his

nose picking.  Although this case has been pending for more than three and one-half

---

[1] Defendants object to the statement that, "It is very troubling that a person with such severe medical problems as Mr. Davis was not given more considered medical attention." Defendants' motion is based upon the lack of physical injury to plaintiff, and does not address the treatment afforded him.  The issue of what treatment was

Objections to Report and Recommendation
*Davis v. Hyden, et al.*, Case A02-214 CV (JKS)
Page 4 of 5.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3428

years, Davis still cannot identify any physical injury resulting from his medical care at

PCC. He has had his opportunity to prove his alleged physical injury, but he cannot do so

because he had no injury. Consequently, his claims should be dismissed.

Finally, Judge Singleton has previously ruled that expert testimony is

necessary not only in a medical malpractice case but also in an Eighth Amendment

case where an inmate claims that he received inadequate medical care. Exhibit A,

Order, *Esslinger v. Worrall et al.*, at docket 86, pp. 2-3. Davis is similarly claiming a

violation of his right to adequate medical care. He needs an expert witness to testify

about the standard of care, whether there was a breach of that standard of care, and

what damages, if any, were caused by the breach. He is not competent to testify that

any physical injury resulted from the allegedly inadequate medical care at PCC.

Defendants respectfully request the court to amend its report to

recommend that this court grant defendants summary judgment.

Dated this 8th day of December, 2005, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
Marilyn Kamm
Assistant Attorney General

I certify that on December 8, 2005, I mailed a true
copy of the foregoing with first class postage to:

Thomas Matthews
431 W, 7th Avenue, Suite 207
Anchorage, AK 99501

Sherry Matsuno 12-8-05
Sherry Matsuno

available to Davis should not be prejudged before defendants have had an opportunity
to present their evidence to the court.
Objections to Report and Recommendation
*Davis v. Hyden, et al.*, Case A02-214 CV (JKS)
Page 5 of 5.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3428

FILED

SEP 2 0 2002

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ PaO _____ Deputy

DEPT. OF LAW

SEP 3 0 2002

CRIMINAL DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RANDAL LEE ESSLINGER,

        Plaintiff,

vs.

DR. WORRALL; DR. DAVID
HOLLADAY; ROGER HUGHES,

        Defendants.

Case No. A01-0237 CV (JKS)

ORDER

Plaintiff Randal Lee Esslinger, a former state prisoner, brings this action pursuant to 42 U.S.C. § 1983. Esslinger contends that various state employees with whom he came into contact during the term of his imprisonment, either individually or collectively, violated his civil rights. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1343. Esslinger moved for summary judgment on December 26, 2001. *See* Docket No. 13. The various Defendants were given extensive delays to respond while attempts were made to find counsel for Esslinger. The Defendants' response—which consists of an opposition and a cross-motion for summary judgment—was filed on September 10, 2002. *See* Docket No. 81.

In the ordinary course of business, Esslinger's reply in support of his own motion for summary judgment would be due on September 20, 2002, and his opposition to the Defendants' cross-motion would be due on September 30, 2002, and the defendants' reply would be due on Tuesday, October 8, 2002. Under the rules of this district, a party has fifteen days to oppose a motion and the moving party has five days to reply. *See* D. Ak. LR 7.1. Where service is by mail, three days are added. *See* Fed. R. Civ. P. 6(e). Finally, where the last day for an action permitted by

1

EXHIBIT _A_
PAGE _1_ OF _3_

120

86

the rules falls on a Saturday, Sunday, or holiday, the time to act is extended until the next court day. *See* Fed. R. Civ. P. 6(a).

At the Court's request, Judge Branson has prepared and circulated his initial report and recommendation. *See* Docket No. 84. Typically, any party objecting to any of Judge Branson's conclusions would have a number of days to file those objections with Judge Branson, Judge Branson would then file a final report and recommendation addressing those objections and only then would this Court review the matter. *See* Magistrate LR 12(C). Given the long time that this case has been pending, standard procedures are not appropriate. This is particularly true since Judge Branson recommends that Esslinger's motion be denied and summary judgment entered against Esslinger, which under Ninth Circuit Court of Appeals' precedent requires this Court to give Esslinger notice and a brief explanation of how summary judgment works, and what he must do in order to avoid the entry of judgment. *See Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (noting the rule in the Ninth Circuit that before a court may enter summary judgment against a prisoner pro se litigant, notice of summary judgment requirements must be given); *see also Hudson v. Hardy*, 412 F.2d 1091 (D.C. Cir. 1968); *cf. Jacobsen v. Fuller*, 790 F.2d 1362, 1365–66 (9th Cir. 1986) (refusing to extend the notice rule to non-prisoner pro se litigants). Consequently, the Court will address Judge Branson's report at Docket No. 84, give Esslinger the notice required by the cited cases and move this case along.

First, it is clear that Esslinger is not entitled to summary judgment since he has not demonstrated the absence of disputed issues of material fact such that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Esslinger's claims are based upon his contention that he was improperly placed in administrative segregation and denied necessary medical treatment. The Defendants have presented substantial evidence that Esslinger's problems were traceable to their attempts to treat psychotic episodes. Whether we view Esslinger's claims as pure civil rights claims in which he will have to show "conscious indifference" to his medical problems, or as supplemental medical malpractice claims, Esslinger must establish a standard of psychiatric care and then show that his treatment fell below that level of care. All of Esslinger's claims really turn on the available mental health evidence. Hence, to prevail or avoid judgment Esslinger must present expert

ORDER

EXHIBIT _A_
PAGE _2_ OF _3_

**121**

testimony from a mental health practitioner supporting his claim that he was not in need of the

psychiatric care he received, and that it was not consistent with the standard of mental health care to

segregate him while he was being treated. There is no such evidence in the record. Thus

Esslinger's motion for summary judgment at **Docket No. 13 is DENIED.**

Second, the Defendants' cross-motion at Docket No. 81 seems to be well taken for the same

reason. The defendants have presented substantial evidence that Esslinger's mental condition

warranted all of the actions of which he complains, and has not countered with any contrary expert

evidence. Attached to this Order is a notice prepared to aid pro se prisoners in responding to

motions for summary judgment. Esslinger will be given until **Tuesday, October 8, 2002,** to

address the concerns voiced in Judge Branson's report at Docket 84 and show cause, if he can, why

judgment should not be entered against him dismissing his claims against all of the remaining

defendants.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this ___19___ day of September 2002.

_____
JAMES K. SINGLETON, JR.
United States District Judge

A01-0237--CV (JKS)
------------------------------------------------------------
K. KANN (AG-JUNEAU)
J. BODICK (AK-STB-407)
R. ESSLINGER
MAGISTRATE JUDGE BRANSON

                                                            **122**
                                    3

EXHIBIT _A_           MAILED ON___9-20-02___
PAGE _3_ OF _3_       BY___BB___