Thomas A. Matthews
Matthews & Zahare, P.C.
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516 Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com
    Counsel for Plaintiff Charlie J. Davis, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>ZELMER HYDEN, et al., )<br>)<br>    Defendants. ) | Case No. A02-0214 CV (JKS) |

**PLAINTIFF'S RESPONSE TO OBJECTIONS TO REPORT AND RECOMMENDATION AT DOCKET 62**

The Court's report recognizes a key point of Davis' case which seems to have been lost on Defendants – as a 70 year old man with a history of heart problems, an implanted defibrillator, and seven different medications to take, Davis was not a typical prisoner. Davis agrees with the Court's report and recommendation, and requests that the Court enter a final order denying Defendants' motion to dismiss.

**A. Davis Exhausted his Administrative Remedies**

The Supreme Court has cautioned that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process."[1] Thus, the doctrine of exhaustion upon which defendants rely in an effort to de-rail Plaintiff's case should not be used as a roadblock or a trap for the

---
[1] *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972).

unwary. Indeed, the Courts recognize that exhaustion is a fluid concept and it is the process rather than the specific steps or remedies which are important.[2] This Court, in its report, relies upon *Brown v Sikes*.[3] As the *Brown* court notes, so long as the prisoner provides all information concerning his claims that he has or reasonably could obtain, then he satisfies the requirements for exhaustion. This Court has correctly concluded that Davis supplied all the information to Defendants that he reasonably could, and followed the steps outlined in the DOC grievance procedure for a health care complaint.[4]

    Having unsuccessfully tried to obtain dismissal of Davis' complaint for failing to specifically name the two individual defendants in his grievance, Defendants now seek application of the exhaustion doctrine with a new theory. They now argue that Davis should have done more to explain the specifics of his medical complaints. Once again, Defendants' argument misses the mark. More importantly, Defendants should not be permitted to raise new arguments in "objections." Even if the Court considers the argument, it is without merit.

    When Davis turned himself in to State custody, he brought with him all of the medical records he had in his possession related to his heart condition. At the State's request, he also signed medical releases allowing the State to independently

---

[2] *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).
[3] 212 F3d 1205 (11th Cir 2000).
[4] *See* Order at p. 7 (Docket No. 62).

Plaintiff's Response to Objections to Rpt & Recommnd.
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\RespObjR&R.jpl    Page 2 of 6

obtain documentation from Davis' previous medical providers.[5] The State, in fact, utilized the release, and independently sought and obtained copies of Davis' records from the Haines' clinic and Virginia Mason Medical Center.[6] Included within the records obtained by the State is a copy of the prescription for a PT/INR test to be done on a twice a month basis.[7] The State now alleges (for the first time incidentally) that Davis should have disclosed the existence of his private physician's order at the time of his grievance. However, the State already the physician's order in its possession as part of the medical records the State obtained, and as part of the records provided by Mr. Davis.

In short, the Defendants' new exhaustion argument is entirely without merit. They continue their misguided effort to impose procedural stumbling blocks upon Plaintiff in an effort to avoid answering the question this Court has so eloquently stated: "It is very troubling that a person with such severe medical problems as Mr. Davis was not given more considered medical attention."[8] This Court reached the correct conclusion that dismissal for failure to exhaust administrative remedies is not appropriate in this case.

### B. Davis has Adequately Demonstrated Physical Injury

This Court's report recognizes that Davis was not a typical prisoner, and that his age and medical condition make a difference when analyzing whether he has

---

[5] *See* Exhibit to Plaintiff's Opposition to Motion to Dismiss (Docket No. 53).
[6] *Id.*
[7] *See* Exhibit 5 to Plaintiff's Opposition (Docket No. 53)

Plaintiff's Response to Objections to Rpt & Recommnd.
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\RespObjR&R.jpl                                                                 Page 3 of  6

alleged sufficient physical injury for purposes of 42 USC §1997(e). Davis has alleged willful and deliberate indifference to his serious medical needs. Deliberate indifference to a prisoner's serious medical needs is sufficient to state a cause of action under Section 1983. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[9]

Davis' affidavit and medical records demonstrate that he suffered blood pressure spikes, dizziness, insomnia, and various other ailments. The Defendants claim these allegations are *de minimis*, but the Court has correctly concluded that these allegations may sufficiently state a cause of action in a 70 year old prisoner with a heart condition and an implanted defibrillator. Because Davis was at increased risk due to his serious medical conditions, even ordinarily de minimis conditions suffice to present a claim in these circumstances.

As the Court notes, *Todd* is distinguishable. In *Todd*, the prisoner complained that he was denied a furlough, not that he was deliberately denied medical care. Davis' complaint alleges more than simply compensation for emotional distress. While that is a component of Davis' claim, it is not the only component. Instead, unlike *Todd*, Davis alleges he did suffer physical injury – including dizzy spells,

---

[8] *See* Order at p. 9 (Docket No. 62).
[9] *Estelle v Gamble*, 429 US 97, 104-105 (1976).

Plaintiff's Response to Objections to Rpt & Recommnd.
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\RespObjR&R.jpl                                                                                          Page 4 of 6

increased blood pressure, insomnia, nosebleeds, and generalized anxiety.  In Davis' case, these complaints amount to more than simply *de minimis* injuries.

### C. The Need For Expert Testimony Is An Issue Not Presently Before The Court

Defendants argue they are entitled to "summary judgment" because Davis has failed to produce an expert affidavit as would be required in a medical malpractice case.[10]  This issue is not presently before the Court.  Defendants did not move for summary judgment on the issue of whether expert testimony was needed.  Nonetheless, as the Court noted, this is not a medical malpractice case.  Whether expert testimony is needed, and how that testimony may be presented (whether by independent expert or otherwise) are issues for another day.

In conclusion, this Court properly concluded that Defendants' motion to dismiss should be denied.  Plaintiff urges the Court to adopt the Magistrate's report and recommendation and issue a final order denying Defendants' motion.

DATED this 6th day of January 2006, at Anchorage, Alaska.

        MATTHEWS & ZAHARE, P.C.
        Counsel for Plaintiff Davis

        By: s/Thomas A. Matthews
           Thomas A. Matthews
           ABA No. 8511179

---

[10] *See* Defendants' Objection at p 5.

Plaintiff's Response to Objections to Rpt & Recommnd.
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\RespObjR&R.jpl     Page 5 of 6

<u>CERTIFICATE OF SERVICE</u>

I certify that on 6th day of January 2006
a copy of the foregoing document was
served by mail to:

Marilyn J. Kamm, Esq.
Assistant Attorney General
State of Alaska, Dept. of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811


<u>s/Joyce L. Wylie_____</u>
*Certification Signature*

Plaintiff's Response to Objections to Rpt & Recommnd.
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\RespObjR&R.jpl                                    Page 6 of 6