Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendants Hyden
& Henry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>ZELMER HYDEN, ET AL,<br>AND STATE OF ALASKA<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A02-214 CV (JKS) |

**AFFIDAVIT OF HENRY A. LUBAN, MD MBA**

Henry a. Luban, MD, MBA having been first duly sworn, deposes and states:

  1. The State of Alaska currently employs me as its Health Services Administrator and Medical Director for the Alaska Department of Corrections. The

Alaska Department of Corrections is a "dual" system consisting of a combination of pre-sentenced (jail equivalent) and sentenced (prison equivalent) detainees.

2. My primary duties consist of oversight and monitoring of the medical services that provides health care at sites housing Alaska Department of Corrections inmates, namely all state-owned and operated facilities as well as the Florence Correctional Center (FCC) in Florence, AZ, owned and operated by Corrections Corporation of America. My oversight includes both the actual services delivered and their quality.

3. I received a Bachelor of Arts - Chemistry (BA) from the University of Virginia, Charlottlesville, VA in 1978 and graduated from the University of Vermont College of Medicine in Burlington, VT in 1982. I completed internship and residency programs in Internal Medicine at the William Beaumont Army Medical Center in El Paso, Texas in 1985. I am certified by the American Board of Internal Medicine. I served as an Army medical officer from 1985 – 1989 at Fort Huachcua Arizona. I worked in private internal medicine practice with Family Health Plan in Albuquerque, NM 1989 –1991, for the Indian Health Service as an internist in Browning, MT from 1991-1996 and as Medical Director and Administrator for Humana Health Care in Louisville, KY from 1991 – 1996. Prior to my present position, which began July 1, 2004, I was in private practice in Latham New York from 1999 – 2004. During that period I served as the Medical Director of the Rensallear County Jail and for the local

juvenile facility. I am duly licensed in the State of Alaska and hold an active medical license in the State of New York.

4. The following constitutes my medical opinion based upon my review of the medical records of Charles J. Davis, date of birth 05/17/32, incarcerated at Palmer Correctional Center from April, 2002 to October 2002. My opinions of his medical care stated herein are based upon my review of the following set of documents and knowledge of the appropriate health care standard.

   a. Filed complaint with the US District Court.

   b. In-patient records from Virginia Mason Hospital in Seattle, Washington dated 01/12/02 –01/16/02.

   c. Plaintiff's medical records, Alaska Department of Corrections, dated 04/03/02 to12/01/02.

   d. Plaintiff's medical records produced by plaintiff, number DAV 1 through DAV 311.

Narrative Summary

5. This 69-year-old male was incarcerated at the Palmer Correctional Facility from April of 2002 to December of 2002. Earlier that year he suffered a myocardial infarction complicated by a cardiac arrest, requiring an extensive evaluation at Virginia Mason Hospital in Washington, where he had a stent and implantable defibrillator placed. He was discharged on multiple medications, including the

anticoagulant coumadin. The latter was recommended for a period of six months. While he was at Palmer, there were no reports he suffered from chest pain, dizziness or other cardiovascular symptoms. His coagulation studies were monitored regularly without incident and other than one uncomplicated episode of epistaxis, he had no significant bleeding. His blood pressure was monitored frequently and was generally at an acceptable level, with only an occasional mildly elevated reading. There were no complications from the latter noted. The nurses' medication log reveals his medications were given as "keep on person," with the exception of coumadin, which was administered in a med line.

   6. The following summarizes my opinion on key points of the complaint:

   a. The plaintiff received appropriate care during his incarceration at Palmer Correctional Facility consistent with correctional and community medicine standards. His blood coagulation was monitored monthly, which was certainly an acceptable frequency given good control. Additionally, his blood pressure was monitored regularly and was generally at an acceptable level.

   a. There were no objectively demonstrable untoward medical outcomes or events because of failure to provide medically necessary care.

   7. If called as a witness in this case I could competently testify to the medical opinions outlined herein.

                                                              Henry A. Luban, M.D., M.B.A.

SUBSCRIBED AND SWORN TO before me this 4th day of October 2004.

                                                    Notary Public in and for State of Alaska

                                                    My Commission Expires: 9-20-05

(Notary seal: GAIL P. BRIMNER, NOTARY PUBLIC, STATE OF ALASKA)