SEP 2 0 2002

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

DEPT. OF LAW

SEP 3 0 2002

CRIMINAL DIVISION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RANDAL LEE ESSLINGER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>DR. WORRALL; DR. DAVID<br>HOLLADAY; ROGER HUGHES,<br><br>                    Defendants. | Case No. A01-0237 CV (JKS)<br><br><br>O R D E R |

Plaintiff Randal Lee Esslinger, a former state prisoner, brings this action pursuant to 42 U.S.C. § 1983. Esslinger contends that various state employees with whom he came into contact during the term of his imprisonment, either individually or collectively, violated his civil rights. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1343. Esslinger moved for summary judgment on December 26, 2001. *See* Docket No. 13. The various Defendants were given extensive delays to respond while attempts were made to find counsel for Esslinger. The Defendants' response—which consists of an opposition and a cross-motion for summary judgment—was filed on September 10, 2002. *See* Docket No. 81.

In the ordinary course of business, Esslinger's reply in support of his own motion for summary judgment would be due on September 20, 2002, and his opposition to the Defendants' cross-motion would be due on September 30, 2002, and the defendants' reply would be due on Tuesday, October 8, 2002. Under the rules of this district, a party has fifteen days to oppose a motion and the moving party has five days to reply. *See* D. Ak. LR 7.1. Where service is by mail, three days are added. *See* Fed. R. Civ. P. 6(e). Finally, where the last day for an action permitted by

1

**120**

**EXHIBIT** ___E___

86

the rules falls on a Saturday, Sunday, or holiday, the time to act is extended until the next court day. *See* Fed. R. Civ. P. 6(a).

At the Court's request, Judge Branson has prepared and circulated his initial report and recommendation. *See* Docket No. 84. Typically, any party objecting to any of Judge Branson's conclusions would have a number of days to file those objections with Judge Branson, Judge Branson would then file a final report and recommendation addressing those objections and only then would this Court review the matter. *See* Magistrate LR 12(C). Given the long time that this case has been pending, standard procedures are not appropriate. This is particularly true since Judge Branson recommends that Esslinger's motion be denied and summary judgment entered against Esslinger, which under Ninth Circuit Court of Appeals' precedent requires this Court to give Esslinger notice and a brief explanation of how summary judgment works, and what he must do in order to avoid the entry of judgment. *See Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (noting the rule in the Ninth Circuit that before a court may enter summary judgment against a prisoner pro se litigant, notice of summary judgment requirements must be given); *see also Hudson v.* Hardy, 412 F.2d 1091 (D.C. Cir. 1968); *cf. Jacobsen v. Fuller*, 790 F.2d 1362, 1365–66 (9th Cir. 1986) (refusing to extend the notice rule to non-prisoner pro se litigants). Consequently, the Court will address Judge Branson's report at Docket No. 84, give Esslinger the notice required by the cited cases and move this case along.

First, it is clear that Esslinger is not entitled to summary judgment since he has not demonstrated the absence of disputed issues of material fact such that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Esslinger's claims are based upon his contention that he was improperly placed in administrative segregation and denied necessary medical treatment. The Defendants have presented substantial evidence that Esslinger's problems were traceable to their attempts to treat psychotic episodes. Whether we view Esslinger's claims as pure civil rights claims in which he will have to show "conscious indifference" to his medical problems, or as supplemental medical malpractice claims, Esslinger must establish a standard of psychiatric care and then show that his treatment fell below that level of care. All of Esslinger's claims really turn on the available mental health evidence. Hence, to prevail or avoid judgment Esslinger must present expert

ORDER

testimony from a mental health practitioner supporting his claim that he was not in need of the psychiatric care he received, and that it was not consistent with the standard of mental health care to segregate him while he was being treated. There is no such evidence in the record. Thus Esslinger's motion for summary judgment at **Docket No. 13** is **DENIED**.

Second, the Defendants' cross-motion at Docket No. 81 seems to be well taken for the same reason. The defendants have presented substantial evidence that Esslinger's mental condition warranted all of the actions of which he complains, and has not countered with any contrary expert evidence. Attached to this Order is a notice prepared to aid pro se prisoners in responding to motions for summary judgment. Esslinger will be given until **Tuesday, October 8, 2002**, to address the concerns voiced in Judge Branson's report at Docket 84 and show cause, if he can, why judgment should not be entered against him dismissing his claims against all of the remaining defendants.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this \_\_\_\_ day of September 2002.

**JAMES K. SINGLETON, JR.**
United States District Judge

A01-0237--CV (JKS)
----------------------------------------------

M. KAMM (AG-JUNEAU)
J. BODICK (AK-STE-407)
R. ESSLINGER

MAGISTRATE JUDGE BRANSON

3

122

MAILED ON 9-20-02

BY BB