Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811-0300
(907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us
Attorney for Defendants Hyden & Henry

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ZELMER HYDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. A02-0214 CV (JKS) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

Come now defendants Hyden and Henry, through counsel of record, Marilyn J. Kamm, Assistant Attorney General, in response to plaintiff's discovery requests:

**INTERROGATORIES**

**Interrogatory No. 1:** Please identify each and every health care or medical care provider assigned to the Palmer Correctional Center during Mr. Davis' incarceration.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 1 of 14.

Exhibit 3
Page 1 of 16



**Answer:** W. Roger Hale, PA-C, Roger Hughes, PA-C, Norma Tyler, R.N., Cora Benoit, LPN, Lane Anderson, R.N. See response to Interrogatory No. 3.

**Interrogatory No. 2:** Please describe all medical treatment provided to Plaintiff Charlie Davis during his incarceration at Palmer Correctional Center.

**Answer:** See medical records.

**Interrogatory No. 3:** Please identify all persons providing medical care to any inmate at Palmer Correctional Center during the period Charlie Davis was incarcerated.

**Answer:** See response to Interrogatory No. 1. Dr. Scott Kiester, Dr. Jim Billman, Dr. David Holladay and Dr. Ron Christensen. Objection to request insofar as it would require defendants to review each inmate's medical file there to determine if the inmate was seen by a physician not employed by nor on contract to DOC. The burden and expense of this discovery far outweighs any benefit to plaintiff.

**Interrogatory No. 4:** Please identify the medical training of each and every correctional officer at Palmer Correctional Center during Mr. Davis' incarceration

**Answer:** *

**Interrogatory No. 5:** Please identify the hierarchy or chain of command at the Palmer Correctional Center during the entire time of Mr. Davis' incarceration.

**Answer:** See staffing chart. Mr. Hyden was acting Superintendent.

**Interrogatory No. 6:** Please identify the hierarchy or chain of command at the Palmer Correctional Center during the entire time of Mr. Davis' incarceration. Please

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 2 of 14.

Exhibit 3
Page 2 of 16

include in your answer an identification of the specific chain of command or hierarchy for medical care decisions.

**Answer:**

1. An inmate requesting care for medical/dental/psych needs to fill in a "Request for Medical Care", form 807.02A – commonly called a cop-out.

2. This is generally triaged by the nursing staff.

3. The nursing triage is generally reviewed by the Institution Health Care Officer (IHCO) – one of the two physician assistants. The PA will either then see the inmate or have a written response.

4. If the IHCO feels it is necessary, they may refer the case/inmate to the collaborating physician.

5. The IHCO or the collaborating physician may refer the case to the medical advisory committee (M.A.C.) for further care outside of the facility.

6. The M.A.C. consists of the Health Care Administrator (an Internal Medicine MD), a Psychiatrist, a Family Practice MD, usually a Nurse Practitioner, and a Pharmacist – others as each case dictates.

See response to Interrogatory No. 5.

**Interrogatory No. 7:** Please identify each and every document describing medical treatment provided, or medications provided to Charlie Davis during his incarceration at Palmer Correctional Center.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 3 of 14.

Exhibit 3
Page 3 of 16

Answer: See medical records.

**Interrogatory No. 8:** Please identify each and every fact which supports, refutes or relates in any way to your answers to Plaintiff's Request for Admissions of even date herewith.

**Answer:** Defendants object to this request because it exceeds the maximum number of interrogatories a party may propound without leave of court by requesting information about plaintiff's 36 Requests for Admission. Defendants also object to the interrogatory because many of defendants' responses referred the plaintiff to documents and it is his burden to review them for the information he seeks. Also defendants object to the form of the question.

**Interrogatory No. 9:** Please identify the person most knowledgeable regarding medical care, treatment or medication provided to Charlie Davis during his incarceration at Palmer Correctional Center.

**Answer:** Henry Luban, M.D. Dr. Luban is DOC's Health Services Administrator and Medical Director.

## REQUESTS FOR ADMISSIONS

**Request For Admission No. 1:** Please admit that prior to his transfer to the Palmer Correctional Center on or about May 1, 2002, Plaintiff Davis was diagnosed with a serious heart condition.

**Response:** Admit.

Response to Plaintiff's Discovery Requests
Davis v. Hyden, et al. A02-0214 CV (JKS)
Page 4 of 14.

Exhibit 3
Page 4 of 16

**Request For Admission No. 2:** Please admit you were aware that Plaintiff Davis suffered a serious heart condition when he arrived at the Palmer Correctional Center in May, 2002.

**Response:** Objection to the form of the request because it is ambiguous regarding at what point in time defendants became aware of plaintiff's condition. Admit that defendants were aware of plaintiff's serious condition after reviewing his grievance and appeal.

**Request For Admission No. 3:** Please admit that during his incarceration at Palmer Correctional Center, Plaintiff Charlie Davis suffered from a heart condition which could be life-threatening if not properly medicated and monitored.

**Response:** Admit.

**Request For Admission No. 4:** Please admit that upon his arrival at the Palmer Correctional Center, Plaintiff Davis had a Medtronic cardioverter defibrillator implanted in his chest.

**Response:** Admit.

**Request For Admission No. 5:** Please admit that proper function and care of Plaintiff Davis' implanted defibrillator was crucial to his care and well-being during his incarceration at Palmer Correctional Center.

**Response:** Admit.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 5 of 14.

Exhibit 3
Page 5 of 16

**Request For Admission No. 6:** Please admit that in conjunction with his defibrillator implant, Davis was required to take anticoagulant medication.

**Response:** Admit.

**Request For Admission No. 7:** Please admit that upon his incarceration at Palmer Correctional Center, Davis had been prescribed Coumadin Crystalline.

**Response:** Admit.

**Request For Admission No. 8:** Please admit you were aware that Davis was required to take Coumadin on a daily basis during his incarceration at Palmer Correctional Center.

**Response:** Deny.

**Request For Admission No. 9:** Please admit you were aware that Davis' medication levels were to be closely monitored during his incarceration at Palmer Correctional Center.

**Response:** Deny.

**Request For Admission No. 10:** Please admit that Davis' medication levels were to be monitored and checked every two weeks during his incarceration.

**Response:** Deny.

**Request For Admission No. 11:** Please admit you did not monitor Davis' medication level on a daily basis during his incarceration.

**Response:** Admit.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 6 of 14.

Exhibit 3
Page 6 of 16

**Request For Admission No. 12:** Please admit you did not check Davis' medication levels every two weeks during his incarceration.

**Response:** Admit.

**Request For Admission No. 13:** Please admit that during Davis' incarceration at Palmer Correctional Center, correctional officers were unaware of Davis' serious medical condition.

**Response:** Defendants are unable to admit or deny this request due to lack of knowledge.

**Request For Admission No. 14:** Please admit that during his incarceration at Palmer Correctional Center, correctional officers were unaware of Davis' need for medical monitoring.

**Response:** Defendants are unable to admit or deny this request due to lack of knowledge.

**Request For Admission No. 15:** Please admit that on one or more occasions, Davis was not given his required medication despite his request.

**Response:** Objection to the form of the question. It is ambiguous and does not state at what point in time the question is being asked, nor does it indicate to whom Davis made the request.

Response to Plaintiff's Discovery Requests
Davis v. Hyden, et al. A02-0214 CV (JKS)
Page 7 of 14.

Exhibit 3
Page 7 of 16

**Request For Admission No. 16:** Please admit that during his incarceration at Palmer Correctional Center, PCC did not follow doctor's orders for medical monitoring of Charlie Davis.

**Response:** Deny.

**Request For Admission No. 17:** Please admit that during his incarceration at Palmer Correctional Center, Davis went approximately 27 days without having a PT/INR test performed to determine the status of his medication levels.

**Response:** Admit.

**Request For Admission No. 18:** Please admit that Plaintiff Charlie Davis' medication levels were not properly controlled during his incarceration at Palmer Correctional Center.

**Response:** Deny.

**Request For Admission No. 19:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered from blood pressure spikes.

**Response:** Deny.

**Request For Admission No. 20:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered from dizzy spells.

**Response:** Deny.

**Request For Admission No. 21:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered from nose bleeds.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 8 of 14.

Exhibit 3
Page 8 of 16

**Response:** Admit.

**Request For Admission No. 22:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered pain.

**Response:** Deny, with the exception that he did complain of hip and leg pain.

**Request For Admission No. 23:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered anxiety.

**Response:** Deny.

**Request For Admission No. 24:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered insomnia.

**Response:** Deny.

**Request For Admission No. 25:** Please admit that during his incarceration at Palmer Correctional Center, Davis suffered from physical and emotional harm because of improper monitoring of his medication levels.

**Response:** Deny.

**Request For Admission No. 26:** Please admit that between June 5, and the end of his incarceration at Palmer Correctional Center, Davis regularly complained that his medical condition was not being properly monitored in accordance with doctor's orders.

**Response:** Deny.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 9 of 14.

Exhibit 3
Page 9 of 16

**Request For Admission No. 27:** Please admit that during his incarceration at Palmer Correctional Center, the Department of Corrections did not have a medical doctor on staff at Palmer Correctional Center.

**Response:** Deny. There were four physicians on contract who provided medical services.

**Request For Admission No. 28:** Please admit that during Plaintiff Davis' incarceration, the Department of Corrections did not provide 24 hour coverage for medical emergencies at Palmer Correctional Center.

**Response:** The correctional officers had some medical emergency training. Defendants admit that there were no health care providers on the site 24/7.

**Request For Admission No. 29:** Please admit that during Plaintiff Davis' incarceration, Palmer Correctional Center did not have a registered nurse on its staff.

**Response:** Deny.

**Request For Admission No. 30:** Please admit that upon his transfer to Palmer Correctional Center, Charlie Davis was not given a physical examination by a medical doctor.

**Response:** Admit.

**Request For Admission No. 31:** Please admit that upon his transfer to Palmer Correctional Center, Charlie Davis was not given a physical examination by a registered nurse.

Response to Plaintiff's Discovery Requests
Davis v. Hyden, et al. A02-0214 CV (JKS)
Page 10 of 14.

Exhibit 3
Page 10 of 16

Response: Admit.

**Request For Admission No. 32:** Please admit that during the time of his incarceration at Palmer Correctional Center, Charlie Davis was not given a physical examination by a medical doctor.

**Response:** Admit.

**Request For Admission No. 33:** Please admit that during the time of his incarceration at Palmer Correctional Center, Charlie Davis was not given a physical examination by a registered nurse.

**Response:** Admit.

**Request For Admission No. 34:** Please admit that during Mr. Davis' incarceration in Juneau, a medical doctor was on staff.

**Response:** Admit that there was at least one physician on contract to Lemon Creek Correctional Center.

**Request For Admission No. 35:** Please admit that Plaintiff Davis was transferred to Palmer Correctional Center without regard to his medical condition.

**Response:** Admit.

**Request For Admission No. 36:** Please admit that Palmer Correctional Center provided a different level of medical monitoring than the Juneau Correctional Center during Plaintiff Davis' incarceration.

**Response:** Deny.

Response to Plaintiff's Discovery Requests
Davis v. Hyden, et al. A02-0214 CV (JKS)
Page 11 of 14.

Exhibit 3
Page 11 of 16

## REQUESTS FOR PRODUCTION

**Request For Production No. 1:** Please produce a copy of each and every document identified in your answers to Plaintiff's Interrogatories and Requests submitted herewith.

**Response:** See documents previously produced and documents produced in December, 2004.

**Request For Production No. 2:** Please produce a copy of all documents identifying the medical training (if any) provided to correctional officers at Palmer Correctional Center during Plaintiff Davis' incarceration.

**Response:** Objection.

**Request For Production No. 3:** Please produce a copy of all policy and procedural manuals governing medical treatment of inmates at the Palmer Correctional Center during Charlie Davis' incarceration.

**Response:** See documents produced in December, 2004.

**Request For Production No. 4:** Please produce a copy of each and every policy or procedure document showing changes to medical care, monitoring and treatment of prisoners at the Palmer Correctional Center from 1995 to present.

**Response:** Defendants have produced all documents effective from mid-1995 to the present. Please advise if you want us to try to locate copies of policies that were in effect January 1, 1995 that were not produced.

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 12 of 14.

Exhibit 3
Page 12 of 16

**Request For Production No. 5:** Please produce a copy of each and every document which supports, refutes, or relates in any way to your affirmative defenses.

**Response:** See documents previously produced.

Dated this __ day of January 2005 at Juneau, Alaska.

        GREGG D. RENKES
        ATTORNEY GENERAL


By:
  Marilyn J. Kamm
  Assistant Attorney General
  Alaska Bar No. 7911105

**VERIFICATION**

| | |
|---|---|
| STATE OF ALASKA | ) |
| | )ss. |
| THIRD JUDICIAL DISTRICT | ) |

I, Zelmer Hyden, being first duly sworn on oath, deposes and says:

I am a Defendant in the foregoing action. I have read the foregoing answers to the interrogatories and to the best of my knowledge and belief, believe the same to be true and complete.

Date: _____

  SUBSCRIBED AND SWORN to before me this __ day of January, 2005, at Anchorage, Alaska.

        NOTARY PUBLIC for the State of Alaska
        My commission expires: _____

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 13 of 14.

Exhibit 3
Page 13 of 16

# VERIFICATION

STATE OF ALASKA            )
                           )ss.
THIRD JUDICIAL DISTRICT    )

I, Mel Henry, being first duly sworn on oath, deposes and says:

I am a Defendant in the foregoing action. I have read the foregoing answers to the interrogatories and to the best of my knowledge and belief, believe the same to be true and complete.

Date: _____

SUBSCRIBED AND SWORN to before me this __ day of January 2005 at Anchorage, Alaska.

_____
NOTARY PUBLIC for the State of Alaska
My commission expires: _____

I certify that on January 14, 2005, I faxed and mailed a true copy of the foregoing with first class postage to:

Thomas Matthews
431 W, 7th Avenue, Suite 207
Anchorage, AK 99501

_____
Jessica Reis

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 14 of 14.

Exhibit 3
Page 14 of 16

Response to Plaintiff's Discovery Requests
*Davis v. Hyden, et al.* A02-0214 CV (JKS)
Page 15 of 14.

Exhibit 3
Page 15 of 16

# FACSIMILE TRANSMISSION COVER SHEET
## CRIMINAL DIVISION CENTRAL OFFICE

123 4th Street, Suite 717
P.O. Box 110300
Juneau, AK 99811-0300
PHONE: (907) 465-3428    FAX: (907) 465-4043

RECEIVED
MATTHEWS & ZAHARE
JAN 14 2005
Atty _____
103-2
Approved to File

DATE: 1/14/05    FAX: ( ) 276-8955

TO: Mr. Thomas Matthews

FROM: Marilyn Kamm

Re: Charlie Davis

NUMBER OF PAGES INCLUDING THIS SHEET: 15

MESSAGE:

Here are my responses, with the exception of the response to Interrogatory 4. Once I get that response I'll have my clients sign them & fax them to you.

Thank you

The information contained in this FAX is confidential and/or privileged. This FAX is intended to be reviewed initially by only the individual named above. If the reader of this TRANSMITTAL PAGE is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination, or copying of this FAX or the information contained herein is prohibited. If you have received this FAX in error, please immediately notify the sender by telephone and return this FAX by mail to the sender at the above address. Thank you.

PLEASE INFORM US IF YOU DO NOT RECEIVE THIS TRANSMISSION IN FULL

(907) 465-3428  ASK FOR: _____

Exhibit 3
Page 16 of 16