# STATE OF ALASKA

**DEPARTMENT OF LAW**
*CRIMINAL DIVISION*

**FRANK H. MURKOWSKI, GOVERNOR**

*Mailing:*   PO Box 110300
             Juneau, AK 99811-0300
*Delivery:*   123 4th Street, Ste 717
            Juneau, AK 99801
*Phone:*   (907) 465-3428
*Fax:*   (907) 465-4043

May 15, 2006

Thomas A. Matthews
Matthews & Zahare
431 W. 7th Ave, Ste. 207
Anchorage, Ak 99501      Via Fax

**RECEIVED**
MATTHEWS & ZAHARE
MAY 1 5 2006
File No. 103-2
Atty TAM

Re: *Charles Davis v. Zellmar Hyden, et al*, Case No. A02-214 cv

Dear Tom:

This letter is written in response to your letter dated May 12, 2006. This case was filed in 2002. Discovery, and discovery motions, closed on June 6, 2005. Dispositive motions are due in three days, on May 18, 2006. You and I agreed to do the depositions of the parties, Dr. Luban and your expert after the close of discovery, after the court ruled on defendants' motion to dismiss. You do not intend to call an expert, which is why I haven't taken his deposition. I have never agreed to any additional depositions after the close of discovery, nor have I agreed to any additional discovery requests.

Please be advised that I do not agree to the deposition of Roger Hale at this late date, nor do I agree to your third set of discovery requests. Dr. Luban is the most knowledgeable person about Mr. Davis's treatment at PCC. Dr. Luban is a board-certified internist and the Health Services Administrator and Medical Director at the Department of Corrections "DOC"; PA Hale is a physician assistant. PA Hale's last entry in Mr. Davis's progress notes is in August, 2002. Dr. Luban's expert opinion covers all of Mr. Davis's treatment while he was at Palmer Correctional Center "PCC," from April 24 through October 23, 2002.

John provided you with copies of your client's institutional file and medical file, which are the only files at DOC with Mr. Davis's name on them. John did not agree to have DOC and PCC review every 2002 file to determine if someone, somewhere wrote something about Mr. Davis. Moreover, the mandatory disclosure provisions of Federal Rule 26 do not apply to this case. *See* FRCP 26(a)(1)(E)(iii).

Finally, I am not sure what you mean when you say you intend to streamline the process for putting these discovery issues before the court. I will object to any discovery motion as well as any motion for expedited consideration of these issues. As noted earlier, the deadline for discovery motions was June 6, 2005. The first time you mentioned anything about Roger Hale's deposition was three days ago, May 12, 2006. You have known about PA Hale's involvement in your client's treatment and his investigation into his grievance since John produced Mr. Davis's

Exhibit 16
Page 1 of 2

Page 2

files on November 10, 2003. You had over a year and a half, from November 10, 2003, to June 6, 2005, in which to notice his deposition. You have waited too long to do so.

I expect to file defendants' motion for summary judgment on or before May 18, 2006. This case has been pending for four years. Neither defendant works for the Department of Corrections today, and both would like to see this case resolved expeditiously.

                Sincerely,

                DAVID W. MÁRQUEZ
                ATTORNEY GENERAL

        By: _____
        Marilyn J. Kahm
        Assistant Attorney General

Exhibit 16
Page 2 of 2