Marilyn J. Kamm
Assistant Attorney General
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Attorney for Defendants Hyden
& Henry

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| ZELMAR HYDEN, ET AL., | ) |
|  | ) |
| Defendants. | ) |
| _____ | )    Case No. A02-214 CV (JKS) |

OPPOSITION TO MOTION TO REOPEN OR EXTEND DISCOVERY AND TO
COMPEL PRODUCTION OF DOCUMENTS AND ATTENDANCE
OF WITNESS AT DEPOSITION

Defendants oppose plaintiff's motion to re-open discovery because plaintiff has shown no good cause for the motion.  This is a 2002 case.  Discovery (with the exception of the depositions of the parties and Dr. Luban) closed over one year ago.  The discovery plaintiff now seeks was not requested while discovery was open.  The deadline for dispositive motions has passed.  Moreover, the requested discovery is futile.   It will have no impact on the ultimate resolution of this lawsuit.

I.     Deadlines.

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et a*l, Case No. A02-0214 CV (JKS)
Page 1 of 7

The Scheduling and Planning Conference was held on September 8, 2004. *See* docket 45. Discovery, and discovery motions, closed on June 6, 2005. *Id.* Dispositive motions were due August 11, 2005. *Id.*

The parties subsequently agreed to postpone four depositions until after the Motion to Dismiss at docket 47 was decided. It was denied on January 26, 2006. *See* docket 69. When the depositions were finally scheduled for April 26-28, 2006, and May 6, 2006, the parties stipulated to the dispositive motion deadline of May 15, 2006. *See* docket 73.[1] That deadline, 9 days after the deposition of plaintiff and 18 & 20 days after the defendants' depositions, is proof that the parties did not agree to conduct any additional discovery between the date of the depositions and the dispositive motion deadline.

II.    Discovery.

The defendants initially produced 284 documents on November 10, 2003) (*see* plaintiff's Exhibit 2, p.2). On December 21, 2004, the defendants produced an additional 207 pages of discovery in response to plaintiff's first set of discovery requests. *See* Exhibit A. Plaintiff fails to note defendants' production of these documents with his mis-statement in footnote 2 that defendants *initially* responded to his discovery request on January 14, 2005. Mr. Hyden verified the responses on January 28, 2005, and his verified responses were faxed to counsel that same day. *See*

---

[1] That date was subsequently extended by three days. *See* docket 75.

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 2 of 7

Exhibit B. Plaintiff's statement that Mr. Hyden's verified responses were not provided to him until his deposition is incorrect.

The plaintiff's Second Request for Production did not ask for the production of the documents he now seeks. Defendants responded to the requests in May, 2006, after plaintiff brought it to their attention at the depositions that they had not responded. Most of the requests sought the production of documents that had already been produced. *See* Plaintiff's exhibit 6. Plaintiff has cited no single request nor made any argument to support his claims that the responses were non-responsive, and that the documents are being wrongfully withheld from him.

III.   The Futility of the Discovery.

The documents plaintiff seeks will not salvage his case. Currently pending is Defendants' Motion for Summary Judgment at docket 77. Plaintiff has no medical expert to support his claim that the medical care he received was inadequate. That omission by itself is fatal to his claims. *See* Order at docket 85.

The defendants were not willfully indifferent to plaintiff when they responded to his grievance and appeal. Both defendants, who have no medical education, relied upon the opinions of medical staff when they denied the grievance and appeal. *See Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006), docket 77.

The amended complaint alleges that Mr. Hyden was deliberately indifferent when he denied plaintiff's grievance. *See* docket 38. Hyden identified the prison staff minutes at his deposition, and stated that plaintiff would probably have

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 3 of 7

been mentioned in *one* of the meetings between correctional staff and the medical staff.  *See* plaintiff's exhibit 8, p. 10. That the medical staff mentioned plaintiff during one of the meetings confirms that medical staff had the expertise regarding plaintiff, and that non-medical people relied upon their decisions regarding inmates.  It is not relevant to the claim that Mr. Hyden was deliberately indifferent when he denied plaintiff's grievance after the institutional health care officer opined that PCC was providing appropriate medical care.  See docket 77.

That Dr. Henry reported the opinion of the Medical Advisory Committee when he denied plaintiff's grievance appeal is evident from the response to the appeal.  *See* Plaintiff's Exhibit 10, p.1.  Dr. Henry identified himself as "Health Care Administrator, Medical Advisory Committee." *Id.*   DOC Policy and Procedure #807.01, which was produced to plaintiff on December 21, 2004, identifies the Medical Advisory Committee and expressly states that it makes all Department decisions on prisoner health care grievance appeals.

> D   Medical Advisory Committee.  The Medical Advisory Committee (MAC), a Commissioner-appointed panel, shall make Department decisions on all non-emergency hospitalizations and surgeries, some specialty referrals, complex cases, *special studies or treatment*, and <u>prisoner health care grievance appeals</u>. …MAC includes health care staff and selected collaborating and consulting physicians.  See policy #808.03, Prisoner Grievances, for *Cleary*-related health care grievances.

Exhibit C, (underlining added).

Plaintiff's statement on page 10 of his memorandum that, "Each of the defendants testified to the existence of the documents, and in fact was unable to testify

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 4 of 7

whatsoever about Plaintiff's care and treatment at Palmer Correctional Center without referring to the documents" is erroneous, and he has cited no evidence supporting that statement. While it is accurate to state that they testified about the existence of the documents, defendants did not rely upon those documents while testifying. Defendants relied upon plaintiff's prison medical records which were previously produced. They did not have, nor did they rely upon, the documents plaintiff now seeks. It is unknown whether the documents still exist.[2]

Plaintiff should have known of PA Roger Hale's role and knowledge of plaintiff's medical condition from documents that were earlier produced to plaintiff. He was the medical investigator assigned to plaintiff's grievance, and his investigation remarks are part of the grievance response. See plaintiff's exhibit 10, p.3. Obviously he would need to be knowledgeable about plaintiff's condition to respond to plaintiff's grievance.

In their answers to interrogatories, defendants identified PA Hale as one of the health care staff at PCC. See plaintiff's exhibit 4, p. 2. They also described the "chain of command" for medical care decisions in their responses. *Id.,* p. 3. They explained that after an inmate's cop-out is triaged by the nursing staff, that that decision is reviewed "by the Institution Health Care Officer (IHCO)-one of the two physician assistants." The Palmer Correctional Center Staffing chart also identified

---

[2] Counsel has contacted Dr. Luban about the documents Dr. Henry referred to, and Dr. Luban has no knowledge about them or their whereabouts. Dr. Henry left DOC in 2003. *See* Plaintiff's Exhibit 9, p. 3.

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 5 of 7

PA Hale (plaintiff's exhibit 11) and the very next document produced to plaintiff was DOC's Policy and Procedure #807.01, Health Care Organization and Administration. *See* exhibit C. Plaintiff's medical records show that he had been treated by PA Hale at PCC. *See* docket 53, exhibit 8. Plaintiff admits that PA Hale is on his witness list. He should be charged with knowledge of his significant role in this case prior to the recent depositions.

Plaintiff should have known by November 2, 2005, that Dr. Luban's knowledge and opinion of his treatment was based upon his review of his medical records. Dr. Luban's affidavit was filed that day in support of defendants' reply to the opposition to the motion to dismiss. *See* docket 59. Dr. Luban stated that he began work for DOC on July 1, 2004, as Health Services Administrator and Medical Director. *Id.* Since plaintiff's case is from 2002, Dr. Luban could not have provided treatment to plaintiff.

Conclusion

Plaintiff never sought the discovery he now seeks while discovery was open. This is a 2002 case. Discovery closed over a year ago. The deadline for dispositive motions has passed. The discovery will not salvage plaintiff's case. He has no expert opinion to support his claim that his medical treatment was inadequate, and the defendants reasonably relied upon the medical staff's opinion that plaintiff was receiving appropriate treatment at PCC.

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 6 of 7

Defendants respectfully request that this court deny the motion to reopen discovery.

Dated this 9th day of June, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on the 9th day of
June, 2006, a copy of the foregoing
Document was served electronically on:

Thomas Matthews
Matthews & Zahare
431 W. 7th Ave, Suite 207
Anchorage, AK  99501

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et al*, Case No. A02-0214 CV (JKS)
Page 7 of 7

Opposition to Motion to Re-Open Discovery
*Davis v. Hyden, et a*l, Case No. A02-0214 CV (JKS)
Page 8 of 7