Thomas A. Matthews
Matthews & Zahare, P.C.
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516
Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com

Counsel for Plaintiff Charlie J. Davis, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| ZELMER HYDEN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A02-0214 CV (JKS) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO RE-OPEN OR EXTEND DISCOVERY AND TO COMPEL PRODUCTION OF DOCUMENTS AND ATTENDANCE OF WITNESS AT DEPOSITION**

Defendants oppose additional discovery claiming that Plaintiff should have known that PA Roger Hale was the most significant medical witness, and that it is too late to allow additional discovery. In essence, Defendants are asking to be rewarded for a successful game of hide the ball. On the other hand, the discovery sought will undoubtedly flesh out the record of Mr. Davis' treatment, and may well bring substantially greater clarity to the court's decision on the pending motion for Summary Judgment. In the interests of justice, Plaintiff's motion should be granted.

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                          1 of 8

**I.     Posture**

Plaintiff's motion must be considered in context.  Defendants argue the motion and discovery come too late in the case.  However, the fact remains that the parties delayed substantial discovery by agreement, and there was a tacit understanding that discovery would be extended.  The following timetable is provided to aid the court:

| DATE | Event |
| --- | --- |
| 10/27/03 | Plaintiff requests copies of all records relating to medical treatment provided to Charlie Davis, and all records relating to the Grievance |
| 3/25/04 | Court Denies Defendants' first motion to dismiss |
| 4/15/04 | Defendants answer amended complaint |
|  | Court's Initial Pre-trial conference and Order |
| 11/5/04 | Plaintiff's First Discovery Requests to Defendants |
| 1/14/05 | Defendants' initial response to Interrogatories (requesting identification of persons most knowledgeable regarding Davis' medical treatment)[1] |
| 3/30/05 | Plaintiff first requests depositions of Defendants and witness most knowledgeable about medical treatment (presumed to be Henry Luban based upon discovery responses) |
| 4/12/05 | Plaintiff's second Discovery requests submitted to Defendants |
| 5/17/05 | Defendants provide case support and advise of position that lack of expert testimony is fatal to plaintiff's case |
| 5/27/05 | Defendant requests extension of deadlines, including discovery until motion for summary judgment is decided |
| 8/05 | Defendants motion to dismiss |
| 1/06 | Court denies Defendants' motion to dismiss |
| 4/28/06 | Plaintiff conducts depositions of Henry, Hyden and Luban (Anchorage) |
| 4/29/06 | Plaintiff requests copies of documents identified by Defendants' witnesses |

---

[1] Defendants also claim that a verification page for the interrogatories was sent to Plaintiff on January 28, 2005 and the verification was faxed to Plaintiff's counsel.  Plaintiff has no record of receiving the verification, and the cover fax sheet submitted with Defendants' opposition has an incorrect number listed on it (907-276-1516).  The number is counsel's phone number, not fax number.  The point is immaterial to the present dispute however.  Substantively, neither defendant changed the interrogatory response upon verification, regardless of when the signature was provided.

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                                        2 of 8

| 5/4/06 | Defendants conduct deposition of Plaintiff (Juneau) |
| 5/8/06 | Defendants respond to Plaintiffs Second Discovery Requests |
| 5/12/06 | Plaintiff notices deposition of Roger Hale, PA (Anchorage) |

As noted in the opening brief,[2] counsel understands this case has been pending for a significant period of time. Perhaps counsel should have been more aggressive in insisting upon depositions and other discovery while motions were pending, instead of acquiescing in Defendants' request to delay depositions until after Defendants' motions were decided. However, now, having requested that depositions and discovery be deferred, Defendants are seeking to foreclose discovery which may substantially aid the parties and the court in its ultimate determination. Given the prior dealings of the parties and cooperation in good faith, it would be manifestly unfair to now claim that documents that have only just been revealed should not be produced. Moreover, Defendants should not be permitted to mis-identify the current medical director as a most knowledgeable witness, and now prohibit Plaintiff from deposing the one who is truly most knowledgeable.

---

[2] Defendants make much ado about supposed misstatements in Plaintiff's opening brief. For example, Defendants note they responded to the first discovery requests on December 21, 2004, not on January 14, 2005 as noted in Plaintiff's motion. Defendants are correct that they provided some documents in December (policy and procedure documents). The Interrogatories were not answered until January. Counsel apologizes for the improper suggestion that no response had been made.

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                    3 of 8

## II.   PA Roger Hale is a Significant Witness who should be deposed

Defendants make no effort to suggest that Roger Hale is an insignificant witness whose testimony would not be material.[3]  Instead, they argue that Plaintiff should have known that Hale was more significant than he had appeared.  The fact remains that Mr. Hale was not identified as the most senior medical officer at PCC.  Instead, in response to Plaintiff's Interrogatory, Defendants identified a medical witness who it turns out was not even employed by DOC at the time of Mr. Davis' incarceration.  Defendants suggest in their brief that this should have been obvious.  However, the fact remains that Plaintiff was misinformed.

> **Interrogatory No. 9**:  Please identify the person most knowledgeable regarding medical care, treatment or medication provided to Charlie Davis during his incarceration at Palmer Correctional Center.
> **Answer**:  Henry Luban, M.D.  Dr. Luban is DOC's Health Services Administrator and Medical Director.[4]

Having identified Dr. Luban as the "most knowledgeable" person regarding Mr. Davis' medical care more than a year ago, Defendants now seek to distance themselves from this answer.  Neither Defendant identified Mr. Hale as the most knowledgeable witness in their interrogatory responses, but certainly did so once their depositions were taken.  Both Mr. Hyden and Dr. Henry testified that Mr. Hale would most likely have been the person with day-to-day responsibility for Mr. Davis'

---

[3]  Indeed, Defendants have submitted an extensive affidavit of Mr. Hale to support their summary judgment motion.  See **Exhibit 19** (attached hereto).

[4]  *See* Exhibits 3 and 4 (Note: Exhibits 1-18 refer to the exhibits attached to Plaintiff's Opening Brief).

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                              4 of 8

medical treatment, and with the most knowledge of Davis his condition.[5]  Similarly, Dr. Luban testified that he had no contact whatsoever with Mr. Davis, as he didn't obtain his position until well after Mr. Davis' release.[6]  Dr. Luban's testimony as a "most knowledgeable" witness is therefore limited to his expression of opinions based solely upon his review of the records.  The person who actually dealt with Mr. Davis and had day to day responsibility for medical care was Mr. Hale.  Accordingly, Hale's testimony is clearly relevant, and will aid the parties and the court in its determination of the issues presented.  In light of the tacit agreements to extend discovery while Defendants' prior motion was pending, and the misdirection regarding Dr. Luban, Plaintiff believes that good cause is present to allow for the additional deposition.

**III.   The Discovery Documents sought are not Futile**

Defendants argue they should not have to produce the documents because the discovery is "futile."  This argument is simply incorrect.  At their depositions, both Defendants testified with confidence that Mr. Davis' medical condition would have been the subject of discussion at meetings over which they presided.  Neither Defendant could testify to the substance of the discussions or the meetings, but said that regular minutes were kept and should be available.  In order to establish the deliberate indifference of both Defendants, it seems obvious that written records

---

[5] *See* Exhibit 8 (Hyden Depo. at 15, 29-30, 49-50, 60, 71); Exhibit 9 (Henry Depo at 13-14, 30-32, 33).
[6] Exhibit 12 (Luban Depo at 11-12, 14-16, 24-27).

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                                     5 of 8

containing discussions about Mr. Davis' medical care and needs would be relevant to the Defendants' state of mind.

Defendants claim they "were not willfully indifferent to Plaintiff when they responded to his grievance and appeal. Both Defendants, who have no medical education, <u>relied upon the opinions of medical staff</u> when they denied the grievance and appeal."[7] This is precisely why the records are relevant. If Defendants relied upon "opinions of medical staff" in making their decisions about Plaintiff's treatment and grievance appeal, then those opinions should be produced. Plaintiff, of course, does not have access to the "opinions of medical staff" that are contained in the daily briefing minutes of Mr. Hyden, or the MAC meeting minutes of Dr. Henry.

### IV. The Documents Sought Come Within the General Scope of Plaintiff's Prior Discovery Requests and Should be Produced

Defendants claim the Daily Briefing Minutes and MAC meeting minutes they first identified at their depositions were not previously requested. While it is true that Plaintiff was not made aware of the existence of these records, and therefore did not know to ask for them specifically, the records should have been produced in response to prior discovery requests. For example, Plaintiff's Interrogatory and Request for production served in November, 2004 should have led to an identification of the records.

> **Interrogatory No. 7:** Please identify each and every document describing medical treatment provided, or medications provided to Charlie Davis during his incarceration at Palmer Correctional Center.
> **Answer:** See Medical Records.[8]

---

[7] Defs' Opp'n to Mot. to Re-Open Discovery at 3 (emphasis added).
[8] *See* Exhibits 3 and 4.

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                6 of 8

It now appears undisputed by both Defendants that Mr. Davis' medical treatment was discussed during the daily briefings for Mr. Hyden and at the MAC meetings addressing Mr. Davis' grievance. These documents were not identified by either Defendant in their interrogatory responses, but were identified by both Defendants at their depositions. This is a classic case of hide the ball, and should not be countenanced by this court.

## V.    Conclusion

Plaintiff seeks to extend or re-open discovery for a limited purpose: to obtain records that should have been identified and produced long ago, and to depose one additional witness who should have been identified as the most knowledgeable witness regarding Mr. Davis' medical care. The information sought is relevant and material to Plaintiff's claim of deliberate indifference, and will aid Plaintiff and the court in addressing Defendants' pending motion for summary judgment. The additional discovery should be allowed.

DATED this 19th day of June 2006, at Anchorage, Alaska.

MATTHEWS & ZAHARE, P.C.
Counsel for Plaintiff Davis


By: s/Thomas A. Matthews_____
    Thomas A. Matthews
    Alaska Bar No. 8511179
    431 West 7th Ave., Suite 207
    Anchorage, Alaska 99501
    Phone  (907) 276-1516
    Facsimile  (907) 276-8955
    tom.matthews@matthewszahare.com

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                                7 of 8

<u>CERTIFICATE OF SERVICE</u>
I certify that on 19th day of June 2006
a copy of the foregoing document was
served by electronic mailing on:

Marilyn J. Kamm, Esq.
Assistant Attorney General
State of Alaska, Dept. of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811

<u>s/Thomas A. Matthews</u>

Reply to Dfs' Opp to Mtn to Re-Open Discovery & to Compel Prod. of Documents
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)
TAM:sk/103-2/RplyOppOpenDiscov.doc                                                                                          8 of 8