IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR.,<br><br>               Plaintiff,<br><br>   vs.<br><br>ZELMER HYDEN, et al.,<br><br>               Defendants. | Case No. 3:02-cv-00214-JKS<br><br><br>O R D E R |

      Plaintiff's request for further discovery is currently pending. Docket Nos. 81 (motion); 88 (opp'n); 93 (reply). Also pending, although not technically ripe for ruling on, are a summary judgment motion brought by Defendants at Docket No. 77 and, in its opposition to that motion, Plaintiff's request for additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f).

      The Court set out its concerns regarding this case at Docket No. 85. The Court reads the United States Supreme Court cases predicating Eighth Amendment violations based upon conscious indifference to medical needs as incorporating an action for medical malpractice, even where those guilty of the malpractice may be paramedics or nurse practitioners, as well as doctors, and where the malpractice goes beyond mere negligence and becomes conscious indifference — a form of recklessness. *See* Order at Docket No. 85. The Court remains convinced that Davis must introduce expert testimony regarding the standard of care and its breach in order to avoid summary judgment. *Kendall v. State, Div. of Corrs.*, 692 P.2d 953 (Alaska 1984). While it is possible that some derelictions could be so obvious that a lay juror would not need the benefit of expert testimony, *i.e.,* amputation of the wrong leg, or leaving a medical tool inside a patient after the completion of an operation, *id.* at 955, that is not the case here. The Court also recognizes that a defense expert might give a hypothetical opinion that if

certain historical facts were found, then medical malpractice would be present and the sole dispute would be whether those historical facts were proved — a matter within the competence of a lay juror. *See Trombley v. Starr-Wood Cardiac Group P.C.,* 3 P.3d 916 (Alaska 2000).

The Court recognizes that these Alaska cases dealing with medical malpractice depend upon a statute, but concludes that the statute simply reflects the development of the common law, particularly in light of the *Daubert* and *Kumho Tire* decisions cited at Docket No. 85. Here, a man with a serious heart condition complains of discomfort, yet no expert testimony connects his discomfort with medical malpractice, as opposed to the natural progression of his disease. It does not appear that Davis died or suffered some permanent injury that a lay juror could distinguish from the ordinary progress of Davis's heart disease. Thus, Davis's case comes down to the assertion that proper medical care would have eliminated or significantly alleviated Davis's pain and discomfort. There does not appear to be any testimony to that effect.[1] Thus, if the Court were to rule today, summary judgment for the defense would be granted. On the other hand, it is possible that the records Davis seeks might fill the gaps in his evidence.

---

[1] Davis seems to argue that his age and medical condition warranted more attention than he received, without regard to whether greater attention would have made any difference. But that is not the test. More and more men and women in poor health will find themselves in prison where they will not have the freedom to seek medical care in the general community. Prison authorities cannot be consciously indifferent to prisoner health. They must provide the reasonable standard of care required within the medical community for serious disease. But, the amount of attention prison medical staff can provide is a function of the amount of money state legislatures and the federal Congress are willing to pay for medical care. Thus, the Court must be careful not to expand the definition of conscious indifference beyond medical malpractice, thereby requiring a level of care beyond what ordinary citizens could obtain in the community for comparable problems.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0214.006.wpd

The Court will therefore **GRANT** the motion at **Docket No. 81** for further discovery and delay a ruling on the motion for summary judgment at Docket No. 77 for sixty days to permit completion of discovery. Discovery shall therefore be completed by Wednesday, September 6, 2006. Supplemental opposition to the motion for summary judgment shall be due Friday, October 6, 2006. If a further opposition is filed, Defendants may reply in conformity with D.Ak. LR 7.1. The Court would strongly urge Davis to seek an opinion from a cardiologist regarding the level of treatment he received.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 6th day of July 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0214.006.wpd