8/22/06

Thomas A. Matthews
Matthews & Zahare, P.C.
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516
Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com

Counsel for Plaintiff Charlie J. Davis, Jr.

AUG 2 8 2006

103-2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CHARLIE J. DAVIS, JR., )
            )
      Plaintiff, )
            )
   vs. )
            )
ZELMER HYDEN, et al., )
            )
      Defendants. )
_____) Case No. A02-0214 CV (JKS)

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S THIRD SET OF REQUEST FOR PRODUCTION
### TO DEFENDANTS

Plaintiff Charlie Davis, , through counsel of record, Matthews & Zahare, P.C., and pursuant to Rules 26, 33 and 36 of the Federal Rules of Civil Procedure, submits the following second set of requests for production to be answered in writing under oath, within thirty (30) days from the date of service thereof.

### REQUEST FOR PRODUCTION

These requests for production are deemed to be continuing and in the event new information covered by these requests for production becomes known to Defendants on a date subsequent to the time answers are posed, additional

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428  FAX: (907) 465-4043

Exhibit 18
Page 1 of 17

information must be supplied forthwith. These requests for production seek information known to Defendants, their attorney, or any other person consulted in conjunction with the prosecution of this litigation. Plaintiff further gives notice that Defendants shall be required to make reasonable inquiry and set forth all the information as is available to them in answering each request for production separately and fully unless objected to, in which event they shall set forth a specific reason for their objection.

## INTRODUCTION AND EXPLANATION

1. The term "document" as used herein includes all manner of written, typed, printed, reproduced, filed, electronically or magnetically stored, or recorded material, and all photographs, pictures, videotapes, films, plans or other representations of any kind or anything pertaining in any way, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes, but is not limited to, the following:

(a) All papers, books, journals, ledgers, statements, memoranda, reports, studies, invoices, forms, worksheets, work papers, notes, notebooks, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, tapes, films, video tapes, photographs, graphic representations, diaries, calendars, lists, logs, publications, instruments, minutes, orders, purchase orders, messages, electronic mail, resumes, summaries, agreements, contracts, telegrams, telexes, cables, facsimiles, recordings, computer files or databases, or any other form of communications, no matter how recorded or reproduced, as well as all notations on any of the foregoing;

(b) originals, all file copies, and all other copies of any of the foregoing; and

(c) all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

Response to 3rd Set of Request for Production to Defendants
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)

2. Documents to be produced shall include all documents wherever located in the possession, custody, or control of you, your agents, your attorneys, consultants, accountants, or other persons retained by or representing you.

3. If any document is withheld under claim of privilege or exemption, furnish a list identifying each document for which the privilege or exemption is claimed, together with the following information:

(a) Its title, and if it has no title, its subject matter;

(b) the date of origin;

(c) the author or addressors;

(d) the addressees;

(e) the recipients of all copies;

(f) the basis upon which the privilege or exemption is claimed; and

(g) the name, address and telephone number of the custodian of the document and/or copies thereof.

4. If any document was, but is no longer in your possession, custody or control, state:

(a) The disposition of the document;

(b) the date upon which such disposition was made;

(c) the identity and address of the present custodian of the document or, if it no longer exists, so state;

(d) the person(s) who made the decision to dispose of the document;

(e) the reason for the disposition; and

(f) a description of the document and disposition of the contents of the document.

5. The following term applies to this request for production:

Response to 3rd Set of Request for Production to Defendants
*Davis v. Hyden, et. al.*, / A02-0214 CV (JKS)

3 of 7

Exhibit 18
Page 3 of 17

"Person" means any individual, public or private corporation, political subdivision, government agency, municipality, industry, partnership, association, firm, trust, estate, or any other entity or organization.

6. As to the manner of production, Plaintiff specifies that the documents shall be produced separately for each numbered item or category listed below and that the documents produced shall be labeled with exhibit numbers which correspond to this request such that said response will accurately show the production of documents or absence thereof for each numbered item or category.

7. These discovery requests shall be continuing in nature up to and including the time of trial. Any information or documents not now known or not now in the control of the responding party must be produced as soon as such information or documents become known or come within the control of Defendants.

**Request For Production No. 13**: Please produce copies of all documents relating to Defendants' consideration of Plaintiff Charlie Davis' grievance and grievance appeal. This request specifically includes, but is not limited to, copies of staff meeting minutes at PCC and Medical Advisory Committee meeting minutes, notes, emails, and communications of any kind.

**Response**:

Please see documents #494 through 503 and documents previously produced in response to earlier requests.

**Request for Production No. 14**: Please produce copies of all daily staff meeting minutes for Palmer Correctional Center for the period of April 22, 2002 through October 23, 2002.

**Response**:

Palmer Correctional Center has not retained any minutes from this time period. State policy is to retain for three years minutes of all general staff, routine and operational meetings that do not result in changes to state positions or procedures.

**Request for Production No. 15**: Please produce copies of all Medical Advisory Committee meeting minutes where Charlie Davis was discussed. This includes, but is not limited to, copies of meeting minutes for the time period April 3, 2002 through December 1, 2002.

**Response:**

State policy is to retain for three years minutes of all general staff, routine and operational meetings that do not result in changes to state positions or procedures. The Department of Corrections has not located any such minutes.

**Request for Production No. 16**: Please produce copies of any and all Medical Advisory Committee meeting minutes where care of inmates with heart conditions was discussed.

**Response:**

Objection to request insofar as it would require defendants to review all Medical Advisory Committee meeting minutes to determine if the inmate had a heart condition. The burden and expense of this discovery would far outweigh any benefit to plaintiff. See Response to Request for Production No. 15.
State policy is to retain for three years minutes of all general staff, routine and operational meetings that do not result in changes to state positions or procedures. The Department of Corrections has no Medical Advisory Committee minutes.

Response to 3rd Set of Request for Production to Defendants
Davis v. Hyden, et. al., / A02-0214 CV (JKS)

**Request for Production No. 17:** Please produce copies of all Medical Advisory Committee meeting minutes where the care of inmates with implanted defibrillators was discussed.

**Response:**

Objection to request insofar as it would require defendants to review all Medical Advisory Committee meeting minutes to determine if the inmate had an implanted defibrillator. The burden and expense of this discovery would far outweigh any benefit to plaintiff. See Response to Request for Production No. 15.
State policy is to retain for three years minutes of all general staff, routine and operational meetings that do not result in changes to state positions or procedures. The Department of Corrections has no Medical Advisory Committee minutes.

**Request for Production No. 16:** Please produce copies of all Medical Advisory Committee meeting minutes where the care of inmates taking Coumadin was discussed.

**Response:**

Objection to request insofar as it would require defendants to review all Medical Advisory Committee meeting minutes to determine if the inmate was taking Coumadin. The burden and expense of this discovery would far outweigh any benefit to plaintiff. See Response to Request for Production No. 15.
State policy is to retain for three years minutes of all general staff, routine and operational meetings that do not result in changes to state positions or procedures. The Department of Corrections has no Medical Advisory Committee minutes.

Response to 3rd Set of Request for Production to Defendants
*Davis v. Hyden, et. al.,* / A02-0214 CV (JKS)

DATED this 22 day of August, 2006 at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *[signature]*
Marilyn Kamm
Assistant Attorney General

I certify that on August 22, 2006, I faxed & mailed a true copy of the foregoing with first class postage to:

Thomas Matthews
431 W, 7th Avenue, Suite 207
Anchorage, AK 99501

*[signature]*
Dan Peterson, Law Office Assistant

Response to 3rd Set of Request for Production to Defendants
Davis v. Hyden, et. al., / A02-0214 CV (JKS)

7 of 7

Exhibit 18
Page 7 of 17

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428 FAX: (907) 465-4043

Palmer

# GRIEVANCE LOG — CORRECTIONAL CENTER

| Log # | Inmate Name | OBSCIS # | Code | Grievance Topic | Date of Incident | Date Written | Date Rec'd | Investigator | Date Due Fr. Invest. |
|---|---|---|---|---|---|---|---|---|---|
| 610 | [redacted] | | | Property | 6-2-02 | 6-2-02 | 6-3-02 | Screened #2 | — |
| 611 | [redacted] | | | Program - HAZMAT | 5-31-02 | 5-31-02 | 6-3-02 | Sgt. McGinty | 6-17-02 |
| 618 | [redacted] | | | STAFF | 5-27-02 | 6-3-02 | 6-4-02 | Mr. Bosel | 6-18-02 |
| 625 | [redacted] | | | Food Service | 6-4-02 | 6-4-02 | 6-5-02 | Mr. Bolen | 6-19-02 |
| 627 | [redacted] | | | STAFF | 6-4-02 | 6-4-02 | 6-5-02 | Mr. Bolen | 6-19-02 |
| 630 | [redacted] | | | STAFF | 6-4-02 | 6-4-02 | 6-5-02 | PDI Capt. Brunger | 6-19-02 |
| 634 | [redacted] | | | MEDICAL | 6-4-02 | 6- | 6-5-02 | PA. Hale | 6-19-02 |
| 635 | [redacted] | | | Property | 6-4-02 | 6-5-02 | 6-5-02 | Sgt. McGinty | 6-19-02 |
| 654 | [redacted] | | | Medical Fees | 6-3-02 | 6-6-02 | 6-10-02 | Screened 1 | — |
| 698 | [redacted] | | | Dental | 6-3-02 | | 6-11-02 | Screened #3 | — |
| 702 | DAVIS, CHARLIE | 399909 | | MEDICAL | 6-5-02 | 6-6-02 | 6-14-02 | PA. HALE | 6-28-02 |
| 703 | [redacted] | | | MEDICAL | 6-12-02 | 6-12-02 | 6-14-02 | PA. HALE | 6-28-02 |
| 705 | [redacted] | | | Disciplinary | 6-13-02 | 6-13-02 | 6-14-02 | Screened #1 | — |
| 714 | [redacted] | | | MEDICAL | 6-14-02 | 6-14-02 | 6-17-02 | PA. Hale | 7-1-02 |
| 817 | [redacted] | | | Classification | 6-14-02 | 6-14-02 | 6-17-02 | Screened K1 | — |
| 838 | [redacted] | | | STAFF | 6-6-02 | 6-6-02 | 6-7-02 | Sgt. McGinty | 6-21-02 |
| 853 | [redacted] | | | STAFF | 6-02 | 6-27-02 | 6-27-02 | Sgt. McGinty | 7-2-02 |
| 875 | [redacted] | | | Grievance Screening | 5-16-02 | 6-27-02 | 6-27-02 | Screened A | — |
| 877 | [redacted] | | | Native Religion | 6-24-02 | 6-27-02 | 6-28-02 | COI Williams | 7-15-02 |
| 878 | [redacted] | | | STAFF | 6-26-02 | 6-26-02 | 6-27-02 | Sgt. Harvey | 7-11-02 |

Exhibit ___
Page 8 of ___

| Log # | Date to Supt. | Date Due Ft. Supt. | Findings to Inmate/Date | Appeal Yes/No | Date to Director | Due From Director | Dir. Resp. Rec'd. Date | Final Disposition & Remarks |
|---|---|---|---|---|---|---|---|---|
| 610 | — | | | | | | | |
| 611 | 6-6-02 | 6-13-02 | 6-12-02 | NO | | | | Sent to CIPT 6-25-02 |
| 618 | 6-25-02 | 7-2-02 | | | | | | Released 6-18-02 Not Completed |
| 625 | — | | | | | | | Released 6-18-02 Not Completed |
| 627 | | | | | | | | Not |
| 630 | 6-12-02 | 6-19-02 | 6-12-02 | NO | | | | Resolved 6-11-02 |
| 634 | 7-8-03 | 7-15-02 | 7-9-02 | NO | | | | |
| 635 | — | | | | | | | |
| 654 | — | | | | | | | |
| 696 | — | | 6-29-02 | Yes | 6-28-02 | 7-22-02 | 9-11-02 | Denied |
| 702 | 6-27-02 | 7-5-02 | | | | | | |
| 703 | 6-25-02 | 7-2-02 | 6-25-02 | NO | | | | |
| 705 | — | | | | | | | |
| 714 | 7-1-02 | 7-9-02 | 7-3-02 | NO | | | | |
| 717 | — | | | | | | | |
| 638 | 6-17-02 | 6-24-02 | — | | | | | Released 6-18-02 No Copy to Inmate |
| 752 | 6-25-02 | 7-2-02 | 6-25-02 | NO | | | | |
| 825 | — | | | | | | | CIPT Grievance 8/14 - Denied Thru Appeal |
| 877 | 9/17/02 7-15-02 | 9/19/02 7-22-02 | 8/13/02 | Yes | 9/14/02 | 9-4-02 | 9-08-02 | Returned by Sgt. for Re-investigation 9-15-02 by Sgt. McGinty |
| 878 | 7-3-02 | 7-11-02 | Sent to CIP 7-30-02 | | | | — | |
| 639 | — | | | | | | | |

Exhibit 18
Page 9 of 17
495

# STATE OF ALASKA/*DEPARTMENT OF CORRECTIONS*

## MEMORANDUM

Palmer Correctional Center
P.O. Box 919
Palmer, Alaska 99645
Phone (907) 745-5054 Fax (907) 746-8222

**TO:** Mel Henry
Health Care Administrator
Medical Advisory Committee

**DATE:** 06/28/2002

**THRU:**

**PHONE:** 746-8205

**FROM:** Michael O. McGinty, COIII
Grievance Coordinator
Palmer Correctional Center

**SUBJECT:** Grievance Appeal

In accordance with Departmental Policy 808.03, please accept this grievance appeal for review and disposition. Grievance Log # 702 for Davis, Charlie # 399909

If you have any questions, please do not hesitate to contact me.

RECEIVED
MEDICAL
ANCHORAGE CENTRAL OFFICE
JUL 01 2002
Date Filed: 6/28/02
Date Due: 7/22/02

Exhibit 18
Page 10 of 17

496

| **MEMORANDUM** | **State of Alaska**<br>DEPARTMENT OF CORRECTIONS |
|---|---|

| To: | Davis, Charlie<br>OBSCIS #: 399909 | Date: September 5, 2002 |
|---|---|---|
| Through: | M. McGinty<br>Compliance Officer | Telephone No: 269-7300 |
| From: | Mel Henry<br>Health Care Administrator<br>Medical Advisory Committee | Subject: Response to Grievance<br>Appeal Log #: 702<br>Dated: 6/27/02 |

I have reviewed your original grievance, your appeal, all your written requests for medical care, and the accompanying medical documents. Your grievance is for the facility where you are housed not having adequate medical staff to meet your medical needs.

FINDINGS:
Your grievance states that you have a heart condition and serious medical condition that the officers are not trained to recognize and properly manage during the hours that the medical department is not open.
All Department of Corrections facilities have a medical provider that is on call for the facility. The officers are trained in basic life support, automated defibrillators, first aid, and are trained to call the on call provider with non-emergent medical issues that occur during the hours that the medical department is not staffed, or to call Emergency Medical Services if the situation is an emergency. The medical provider for your facility may also medically move you to another DOC facility if your medical condition warrants such a move. At the present time there is no indication that the medical and security staff at Palmer Correctional Center can not meet your essential health care needs per DOC Policy #807.02.

Grievance appeal denied.


MAILED
9-9-02

**COPY**

Cc:   Annie Landrum, Compliance Administrator

Exhibit 18
Page 11 of 17

**497**

## PRISONER GRIEVANCE APPEAL STATEMENT

| PRINT NAME | INSTITUTION/MODULE | OBSCIS NUMBER | LOG NUMBER |
|---|---|---|---|
| Mr. CHARLIE J. DAVIS Jr. | Palmer Medium | 39990 | 702 |

**DATE OF APPEAL** 06/27/02

I am appealing the Superintendent's determination for the following reasons:

On 05/12/02 I filed a Grievance against the Palmer Medium medical Staff for non-compliance and for not providing the proper medical attention that is needed. Now the Palmer Medium Facility and its Staff fail to comply with their own policies and procedures, Administrative Codes also known as the AAC's, & P&P's. Violation of the CLEARY final Settlement, Agreement and Order No. 3AN-81-5274 2. Health Care 4. Appendix E page 4. Health Examinations 2-4289, 2-5273 and standards 2-5344 in the P&P"S. The Department of Corrections has ten working days to review the decision, seek review of the final decision and if an inmate is dissatisfied with the decision he may proceed with the necessary legal process and no Retaliatory action may be taken against any inmate for filing or pursuit of a grievance, -68-, 7, 8, of the CLEARY Final Settlement Agreement and Order.

This Administration at Palmer Medium Facility failed to comply with the Settlement, Agreement and Order.

In BATTLE vs. United States of America, Plaintiff-Intervenor, Civ.A.No. 72-95 Lack of Medical Staff, Medical Staffing Requirements, full time Registered Nurse, Licensed Practical Nurse, Correctional Medical Specialist. This is a U.S. District Court decision and which also applys to all the Correctional Facilities within the State of Alaska.

PRISONER'S SIGNATURE: *[signature]*

I ACKNOWLEDGE RECEIPT OF THIS GRIEVANCE APPEAL STATEMENT AND HAVE LOGGED IT WITH THE APPROPRIATE INITIALLY FILED GRIEVANCE.

DATE FILED IN COMPLIANCE: 6/28/02   GRIEVANCE COORDINATOR=S SIGNATURE: *[signature]*

DIRECTOR OF INSTITUTION=S/MEDICAL ADVISORY COMMITTEE'S DECISION:

DATE: _____   AUTHORIZED SIGNATURE: _____

Distribution:  Original to Prisoner Case File
Institutional Grievance Coordinator / Grievance & Compliance Administrator (Central Office) / Prisoner

Department of Corrections Form #808.03D
Rev 07/95

Exhibit 18
Page 12 of 17


498

STATE OF ALASKA              DEPARTMENT OF CORRECTIONS

## PRISONER GRIEVANCE

| PRINT NAME | INSTITUTION/MODULE | OBSCIS NUMBER | LOG NUMBER |
|---|---|---|---|
| DAVIS JR CHARLIE J. | PCC | 399909 | 702 |

**DATE OF INCIDENT:** 06-05-02

**DESCRIBE INCIDENT AND YOUR ATTEMPTS TO HANDLE IT INFORMALLY/ONE ISSUE PER GRIEVANCE.**

Floor officer was unaware as to what type of medication I have for my Heart condition and especially unaware of the seriousness of my medical conditions. My personal records show the dosage that I receive and my calendar chart shows the dates that I never had a PT/INR done, which is a total of twenty seven days. This institution and its medical staff is well aware that my present medical condition is a life threatening one. And has failed to provide sufficient continuity of care, monitoring and follow-up medical treatment. This facility needs a full time Registered Nurse, Licensed Practical Nurse 7 days a week and especially at night. Cite Federal District Court Case U.S.C. 10th Cir. Battle vs. Anderson, 564 F.2d at 403. Also the P&Ps, AACs AS.44.28.030, AS.33.021, 22 AAC 05.155. That are consistent with laws for guidance government and Administration of Correctional Facilities IV. B. Health Screening, B. Physical Examination, 2. Medical Records P. 2 of 3

**I REQUEST THE FOLLOWING RELIEF (State outcome you are seeking):** That this administration comply with their P&Ps, AACs, CLEARY final settlement, Agreement and Order. Provide full time qualified registered Nurses, Practical Nurse 7 days a week and especially at night.

I UNDERSTAND THAT THIS GRIEVANCE MUST BE FILED WITH THE GRIEVANCE COORDINATOR WITHIN 30 DAYS OF THE OCCURRENCE OR MY KNOWLEDGE OF THIS INCIDENT.

DATE: 6-13-02      PRISONER'S SIGNATURE: *[signed] Charlie J. Davis Jr.*

I ACKNOWLEDGE RECEIPT OF THIS GRIEVANCE AND HAVE ISSUED THE LOG NUMBER ABOVE FOR REFERENCE. PLEASE REFER ANY INQUIRES ABOUT THIS GRIEVANCE TO THE ASSIGNED LOG NUMBER.

DATE FILED IN COMPLIANCE: 6-14-02      GRIEVANCE COORDINATOR'S SIGNATURE: *[signed]*

FORM 808.03C REV 4/94 (Previous Editions Obsolete)

Exhibit 18
Page 13 of 17

499

# Health Care Progress Notes

S-Subjective   O-Objective   A-Assessment   P-Plan

Name: Davies, Charlie　　　　　Date of Birth: 5-17-52

| Date | Time | Comments |
|---|---|---|
| 6-5-02 | 1500 | Rec Dinox card from TJ noted 30 meg results — Benard RN Student NN |
| 06/17/02 | | Draw for PT & INR. cath 11mg ctr — Roge Huxley PA-C |
| 6/21/02 | 0700 | Paged to office for lab — no show MB |
| | 0730 | |
| 6/26/02 0730 | | Labs drawn — MB 690223455 |
| 6-28-02 | 1145 | See rec lab results — Benard RN |
| 07/03/02 | | - Metoprolol 50mg po BID x 30 days (sm-kop) |
| | | - Coumadin 4mg po QD x 30 days (sm-kop) |
| | | - Zestril 5mg po QD x 30 days (sm-kop) |
| | | - Lipitor 20mg po QD x 30 days (sm-kop) |
| | | - ASA 81mg po QD x 30 days (sm-kop) |
| | | - Prevacid 15mg po BID (sm-kop) |
| | | - Plavix 75mg po QD x 30 days (sm-kop) |
| | | - Draw for PT & INR. Roge Huxley PA |
| 7-11-02 | 1000 | See rec lab results — Benard RN |
| 7-12-02 | | Repeat INR in 30 days W/Roge Hal, PA-C |
| 07/29/02 | | - Metoprolol 50mg po BID x 30 days. (Kop) |
| | | Coumadin 4mg po QD x 30 days. (Kop) |
| | | Zestril 5mg po QD x 30 days. (Kop) |
| | | Lipitor 20mg po QD x 30 days. (Kop) |
| | | ASA 81mg po QD x 30 days. (Kop) |
| | | Prevacid 15mg BID x 30 days. (Kop) |
| | | Plavix 75mg po QD x 30 days. (Kop) |
| | | next L. draw 7/29/02. Roge Huxley PA |
| 8/1/02 | | Blood drawn for PT INR — R Artis |
| | 8-16-02 | Repeat INR every 30 days W/Roge Hal, PA |

PT & INR pending.

Department of Corrections Form #807.064
Rev. 3/95

Exhibit 18
Page 14 of 17

500

## Health Care Progress Note

S-Subjective    O-Objective    A-Assessment    P-Plan

**Name:** Davis, Charlie    399909    **Date of Birth:** 5/17/38

| Date | Time | Comments |
|---|---|---|
| 8-23-02 | | R/ review |
| | | Metoprolol 50mg po. BID x 90 days |
| | | Coumadin 4mg po. qd x 90 days |
| | | Zestril 5mg po. qd x 90 days |
| | | Lipitor 20mg po. qd x 90 days |
| | | Prevacid 15mg po. BID x 90 days |
| | | Plavix 75mg po. qd x 90 days |
| | | BP & Wt √ q month    W. Roger MD |
| 8/28/02 1000 | | m Review - Aspirin EC 81m 1 tab BID po x 90 days per VO Daniel Bohne |
| 9/8/02 | | |

DOC Inmate Health 2002 Grievance Log

| LastName | FirstName | Facility | Date Filed | Log No | Grievance Lvl | Date Received | Date Due | Returned | Researcher | Decision |
|---|---|---|---|---|---|---|---|---|---|---|
| DAVIS | CHARLIE | PCC | 6/28/2002 | 702 | APPEAL | 7/1/2002 | 7/22/2002 | 9/5/02 | PAUL | DENIED |

Exhibit 18
Page 16 of 17

502

Grievance Log

| LastName | FirstName | Facility | Date Filed | Log No | Grievance Lvl | Date Received | Date Due | Returned | Researcher | Decision |
|---|---|---|---|---|---|---|---|---|---|---|
| ███ | ███ | MSPT | 3/17/2003 | 3977 | APPEAL | 3/18/2003 | 4/8/2003 | 4/9/03 | PAUL | ANSWERED |
| ███ | ███ | FLORENCE C | 4/21/2003 | 03-0219 | APPEAL | 4/22/2003 | 5/13/2003 | 6/5/03 | MORRIS | APPROVED |
| ███ | ███ | PCC | 1/27/2004 | 6877 | INSTITUTIONAL | 2/5/2004 | 2/19/2004 | 2/12/04 | PAUL | APPROVED |
| ███ | ███ | WCC | 11/14/2000 | 00-180 | APPEAL | 11/16/2000 | 12/8/2000 | 1/22/01 | PAUL | DENIED |
| ███ | ███ | WCC | 10/26/2000 | 00-180 | INSTITUTIONAL | 10/30/2000 | 11/14/2000 | 11/7/00 | SMITHSON | DEFERRED |
| ███ | ███ | FCC | 4/9/1999 | 99-41 | INSTITUTIONAL | 4/16/1999 | 4/23/1999 | 7/23/99 | WINSTON | REJECTED |
| ███ | ███ | CADC | 9/5/2000 | 00-0596 | APPEAL | 9/8/2000 | 9/29/2000 | 1-9-02 | PAUL | DENIED |
| ███ | ███ | WCC | 8/10/2001 | 01-154 | INSTITUTIONAL | 8/15/2001 | 8/28/2001 | not found | PAUL | PENDING |
| ███ | ███ | ACC-E | 7/30/2004 | 8365 | INSTITUTIONAL | 9/29/2004 | 7/30/2004 | 10/4/04 | SUNDELL | RESOLVED |
| ███ | ███ | ACC-E | 8/20/2004 | 8496 | APPEAL | 10/5/2004 | 10/26/2004 | 10/22/04 | MAC COMMITTEE | REJECTED |
| ███ | ███ | ACC-E | 8/3/2004 | 8413 | INSTITUTIONAL | 9/29/2004 | 10/19/2004 | 10/22/04 | SUNDELL | RESOLVED |
| ███ | ███ | ACC-E | 8/20/2004 | 8613 | INSTITUTIONAL | 10/5/2004 | 10/22/2004 |  | PAUL | ANSWERED |
| ███ | ███ | FCC | 4/26/1999 | 99-50 | INSTITUTIONAL | 5/3/1999 | 5/10/1999 | 8/11/99 | WINSTON | REJECTED |
| ███ | ███ | LCCC | 7/16/2002 | 02-051 | INSTITUTIONAL | 7/22/2002 | 8/5/2002 | 8/20/02 | PAUL | DENIED |
| ███ | ███ | SCCC | 10/30/2004 | 9237 | INSTITUTIONAL | 11/15/2004 | 11/29/2004 |  | MORRIS | |
| ███ | ███ | SCCC | 1/31/2004 | 6777 | APPEAL | 2/5/2004 | 2/26/2004 | 3/15/04 | MORRIS | APPROVED |
| ███ | ███ | FCC | 5/31/2005 | 05-57/11007 | APPEAL | 6/3/2005 | 6/24/2005 | 6/9/05 | MAC COMMITTEE | DENIED |
| ███ | ███ | PCC | 5/1/2003 | 4418 | INSTITUTIONAL | 5/14/2003 | 5/28/2003 | 7/11/03 | PAUL | DENIED |
| ███ | ███ | FCC | 5/1/2003 | 4417 | INSTITUTIONAL | 5/14/2003 | 5/28/2003 | 7/11/03 | PAUL | DENIED |
| ███ | ███ | FCC | 3/30/2000 | 00-084 | INSTITUTIONAL | 4/6/2000 | 4/13/2000 | 5/9/00 | SMITHSON | DENIED |
| ███ | ███ | WPT | 5/26/2000 | 00-114 | INSTITUTIONAL | 6/6/2000 | 6/12/2000 | 6/16/00 | POMEROY | DENIED |
| ███ | ███ | WPT | 6/23/2000 | 00-114 | APPEAL | 6/27/2000 | 7/19/2000 | 7/13/00 | PAUL | DENIED |
| ███ | ███ | FCC | 6/9/2000 | 00-084 | APPEAL | 6/12/2000 | 7/3/2000 | 6/23/00 | ACO STAFF | DENIED |
| ███ | ███ | FLORENCE C | 10/15/2003 | 03-0590 | APPEAL | 10/15/2003 | 11/5/2003 | 12/23/03 | PAUL | DENIED |
| ███ | ███ | FCC | 5/26/2000 | 00-152 | INSTITUTIONAL | 6/6/2000 | 6/12/2000 | 6/13/00 | MORRIS | APPROVED |
| ███ | ███ | FLORENCE C | 6/9/2005 | 05-0312 | APPEAL | 6/9/2005 | 6/30/2005 | 6/13/05 | MAC COMMITTEE | DENIED |
| ███ | ███ | LCCC | 4/28/2005 | 10412 | APPEAL | 5/2/2005 | 5/23/2005 | 5/23/05 | MAC COMMITTEE | ANSWERED |
| ███ | ███ | LCCC | 1/26/2006 | 05-12724 | APPEAL | 2/3/2006 | 2/24/2006 | 2/17/06 | MAC COMMITTEE | ANSWERED |
| ███ | ███ | LCCC | 1/26/2006 | 06-13017 | APPEAL | 2/3/2006 | 2/24/2006 | 2/17/06 | MAC COMMITTEE | ANSWERED |
| ███ | ███ | LCCC | 1/26/2006 | 06-13075 | INSTITUTIONAL | 2/3/2006 | 2/17/2006 | 2/1/06 | LUBAN | ANSWERED |
| ███ | ███ | MSPT | 8/15/2002 | 02-56 | INSTITUTIONAL | 8/19/2002 | 9/2/2002 | 8/20/02 | PAUL | DENIED |
| ███ | ███ | FCC | 7/27/2000 | 00-178 | INSTITUTIONAL | 8/2/2000 | 8/10/2000 | 8/21/00 | SMITHSON | DENIED |
| ███ | ███ | HMCC | 7/15/2004 | 8210 | INSTITUTIONAL | 7/15/2004 | 7/29/2004 | 9/10/04 | PAUL | ANSWERED |
| ███ | ███ | HMCC | 9/30/2004 | 8210 | APPEAL | 10/4/2004 | 10/25/2004 | 11/1/04 | MAC COMMITTEE | CANCELLED |
| ███ | ███ | PCC | 6/28/2002 | 702 | APPEAL | 7/1/2002 | 7/22/2002 | 9/5/02 | PAUL | DENIED |
| DAVIS | CHARLIE | FLORENCE C | 6/26/2006 | 06-0263 | APPEAL | 6/29/2006 | 7/20/2006 | 6/28/06 | MAC COMMITTEE | DENIED |
| ███ | ███ | SCCC | 7/14/2005 | 11390 | INSTITUTIONAL | 7/19/2005 | 8/2/2005 |  | DANSBY | RESCINDED |

7/28/2006

Exhibit 18
Page 17 of 17

503