Case 3:02-cv-00214-JKS   Document 81   Filed 05/19/2006   Page 1 of 6

Thomas A. Matthews, ABA No. 8511179
Matthews & Zahare, P.C.
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516
Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com

Counsel for Plaintiff Davis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ZELMER HYDEN, et al., )<br>)<br>Defendants. )<br>) | Case No. A02-0214 CV (JKS) |

**AFFIDAVIT OF THOMAS A. MATTHEWS**

STATE OF ALASKA           )
                          ) ss
THIRD JUDICIAL DISTRICT   )

I, Thomas A. Matthews, counsel for Plaintiff Charlie Davis, being first duly sworn, deposes and states as follows:

1. I am lawyer with Matthews & Zahare, P.C., counsel for Plaintiff Charlie Davis. I have personal knowledge of the matters set forth herein.

2. I make this affidavit in support of Plaintiff's Motion to Extend or Reopen the Deadline for Additional Discovery. The purpose of the Motion is to extend discovery to allow the taking of an additional deposition, and obtain additional documents recently

Exhibit 2D
Page 1 of 6

identified by Defendants Hyden and Henry during the course of their depositions on April 28 and 29, 2006.

3. On November 5, 2004, I propounded Plaintiff's First Discovery Requests to Defendants. Defendants responded (partially) on January 14, 2005.[1]

4. Before this Court entered its initial Scheduling and Planning Order allowing for discovery, I informally sought production of all files relating to Charlie Davis' medical treatment, and incarceration.[2] In response to my informal request, I was provided with 284 pages of documents.[3]

5. On April 12, 2005, I propounded additional discovery requests to Defendants.[4] Defendants did not respond to these requests for more than a year.[5] The fact that the responses were outstanding was overlooked by my office, and counsel for Defendants. The primary reason was Defendants' assertion that Plaintiff needed to have expert testimony in order to support his case.

6. In August, 2005, Defendants submitted a second Motion to Dismiss the case.[6] The Motion was briefed during the fall of 2005, and a final decision rendered by the Court in January 2006.[7]

---

[1] *See* Exhibit 3.
[2] *See* Exhibit 2.
[3] *See* Exhibit 2.
[4] *See* Exhibit 5.
[5] *See* Exhibit 4.
[6] *See* Docket 47.
[7] *See* Docket 69.

Affidavit of Thomas A. Matthews (Motion Extend Discovery)
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\AffTAMExtDisc

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Exhibit 2D
Page 2 of 6

7. On March 30, 2005, I first approached counsel for Defendants seeking an opportunity to conduct depositions of Defendants, along with Dr. Luban and 30(b)(6) witnesses to be designated.[8] At the time, I advised counsel for Defendant that I expected the Defendants would designate Dr. Luban as the most knowledgeable witness, given the discovery answers that had been provided. It turns out, my assumption was incorrect. I take full responsibility for the error in this assumption. However, at no time until the Defendants' depositions were actually conducted more than a year later, was I given information by Defendants to suggest that any other witness would be more knowledgeable.

8. The depositions I initially requested in March 2005, were not conducted until April 28-29, 2006. From my perspective, there were three reasons for the delay. First, defense counsel argued that Plaintiff's case should be dismissed as a matter of course if Plaintiff was not able to produce expert testimony. While I disagreed with this assertion, we put our discovery efforts on hold while the question was addressed.[9] Second, in August 2005, Defendants filed a Second Motion to Dismiss. Both counsel agreed to put the depositions and related discovery on hold until after the Court ruled on the Motion. The Court ruled in January 2006. Finally, scheduling difficulties between counsel lead to further delay until April.

9. On April 28 and 29, 2006, I conducted depositions of each of the Defendants, along with Dr. Henry Luban. During the course of these depositions, I learned, for the

---

[8] See Exhibit 7.

Affidavit of Thomas A. Matthews (Motion Extend Discovery)
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\AffTAMExtDisc

Page 3 of 6

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

Exhibit 2b
Page 3 of 6

first time, that certain relevant and potentially significant documents existed that I was not previously made aware of. These documents include daily briefing meeting minutes of Superintendent Hyden and his Department heads at PCC, and Medical Advisory Committee Meeting minutes of Heath Care Administrator Henry. Each of the Defendants testified that Mr. Davis' medical condition would likely have been addressed during the course of these meetings.[10]

10. During the course of deposing Mr. Hyden, Dr. Luban, and Dr. Henry, I also learned, again for the first time, that physician's assistant, Roger Hale would most likely be the most knowledgeable persons concerning Mr. Davis' medical treatment at Palmer Correctional Center. While Mr. Hale's name was known to me before these depositions, his significance to the case was unknown, or at least unappreciated. Mr. Hale's name appears in extraordinarily small print on the organizational chart that I was provided in discovery. The chart does not indicate that Mr. Hale was in fact the medical person with the most senior responsibility for medical treatment of inmates at Palmer Correctional Center.[11] In addition, prior interrogatory answers had previously identified Dr. Henry Luban as the person most knowledgeable concerning care and treatment of Mr. Davis at Palmer Correctional Center.[12]

11. When I deposed Dr. Luban, I learned for the first time that he was not an employee of the Department of Corrections, nor even living in Alaska during the time

---

[9] See Exhibit 18.
[10] See Exhibits 8 and 9.
[11] See Exhibit 11.

Affidavit of Thomas A. Matthews (Motion Extend Discovery)
Davis v. Hyden, et. al., Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\AffTAMExtDisc

Page 4 of 6

Exhibit 2b
Page 4 of 6

Mr. Davis was in state custody. He is the current medical director, but did not arrive in Alaska until 2004, nearly 15 months after Mr. Davis left state custody. Consequently, what Dr. Luban knows about Mr. Davis can only be ascertained from the documents he reviewed.[13]

12. I recognize this case has been pending for a considerable period of time. Counsel may be faulted for having delayed discovery while motions were pending. However, both counsel recognized that it was senseless to spend time and resources on discovery if dispostive (or at least potentially dispositive) motions would obviate the need for discovery.[14] Indeed, defense counsel suggested that we continue the close of discovery to allow her to file a motion for summary judgment. For Defendants to now suggest that discovery sought is untimely, is manifestly unfair. Indeed, the discovery sought is not extraordinary, and there is no prejudice to Defendants.

13. On April 29, 2006, and again, May 12, 2006, I advised counsel for Defendants that I believe the additional documents should be made available, and they fell within the scope of the previously requested materials.[15] Defense counsel rejected my request, and informed me of her narrow rating of the earlier discovery requests, and unwillingness to engage in any additional discovery at this point.[16]

---

[12] See Exhibits 3 and 4.
[13] See Exhibit 12.
[14] See Exhibit 17 and 18.
[15] See Exhibit 13.
[16] See Exhibit 16.

Affidavit of Thomas A. Matthews (Motion Extend Discovery)
Davis v. Hyden, et. al., Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\AffTAMExtDisc


Exhibit 2b
Page 5 of 6

14. On May 12, 2006, I made a formal request for the additional documentary evidence.[17] I also notified defense counsel of my desire to depose Mr. Hale.[18] Mr. Hale's deposition has been noticed for May 22, 2006.[19] However, given Defendants' stated response that neither the documents, nor Mr. Hale will be produced, it is pointless to subpoena the witness until the issue is resolved by the Court.

15. The exhibits attached to Plaintiff's motion are true and correct copies of correspondence and discovery materials exchanged between the parties in this case. They have been kept as part of my case file in the regular course of business.

Dated this 19 day of May, 2006 at Anchorage, Alaska.

_____
Thomas A. Matthews

SUBSCRIBED & SWORN to before me this 19th day of May 2006, at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My Commission Expires: 4-13-10

MATTHEWS & ZAHARE, P.C.
ATTORNEYS AT LAW
431 WEST 7TH AVENUE, SUITE 207
ANCHORAGE, ALASKA 99501
TEL (907) 276-1516 • FAX (907) 276-8955
E-MAIL: mzlaw@matthewszahare.com

---

[17] See Exhibit 14.
[18] See Exhibit 13.
[19] See Exhibit 15.

Affidavit of Thomas A. Matthews (Motion Extend Discovery)
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\AffTAMExtDisc

Page 6 of 6

Exhibit 2D
Page 6 of 6