IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR,<br><br>      Plaintiff,<br><br> vs.<br><br>ZELMER HYDEN et al.,<br><br>      Defendants. | Case No. 3:02-cv-00214-JKS<br><br><br>O R D E R |

  Charles J. Davis, Jr., a former state prisoner, sues Zelmer Hyden and others who were employed by the State of Alaska Department of Corrections during Davis' imprisonment, contending that they were consciously indifferent to his medical needs. This Court has jurisdiction. 42 U.S.C. § 1983; 28 U.S.C. § 1343. Presently before the Court is Defendants' motion for summary judgment. Docket No. 77. The motion is opposed. Docket Nos. 91 and 99. Defendant's have replied. Docket No. 102. The motion is now ripe for decision.

  The standards governing summary judgment in federal court are clear. In order to obtain summary judgment the Defendants must establish that there are no disputed issues of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts will construe all evidence and draw all evidentiary inferences in favor of the non-moving party. *See* 10A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2727, 455 & n.1 (3d ed. 1998) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970)). A dispute over a material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48.  The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), but mere allegations of factual dispute, without more, will not defeat an otherwise proper motion, *see Provenz v. Miller,* 102 F.3d 1478, 1489-90 (9th Cir. 1996); *Angel v. Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981).

Here, Davis argues that Defendants were consciously indifferent to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976).  It is undisputed that Davis served a period of imprisonment in Alaska after a felony conviction.  It is undisputed that he was 69 years of age when he was admitted to the prison system, and that he had a history of heart disease.  It is undisputed that correctional employees, both guards and medical staff, were aware of Davis's history of heart disease and that Davis was monitored and provided medication.  Davis bases his claim on the contention that he received less than his due.

It is in this context that the Court has analogized his claim to a form of aggravated medical malpractice and stressed the need for expert testimony to establish the standard of care. *See* Docket Nos. 85 (Order dated May 22, 2006); 94 (Order dated July 6, 2006).  Until we know precisely what attention Davis's condition required we cannot evaluate the care he actually received against that standard.  The Court recognizes that some claims of conscious indifference to medical needs might fall within the ken of lay jurors.  Certainly if a prisoner is beaten in a prison confrontation and observed by a correctional officer bleeding in the hall, and the officer simply walks by doing nothing, and the prisoner bleeds to death, the absence of medical evidence outlining an appropriate course of treatment would not require dismissal of the claim.  Where the need for some treatment is obvious and nothing is done, it may be within a lay juror's ability to find conscious indifference.  Where, as is the case here, however obvious the need for some treatment may be, but some treatment is provided, expert testimony is necessary to show that the treatment provided was inadequate, particularly in cases such as this where the treatment provided is not so obviously inappropriate that a lay person can see the error, *i.e.,* cutting off the wrong leg or leaving surgical instruments in a patient after an operation.  No such testimony is present here.  The most we have is

a description of what was done and Davis's claim that more was required, but no expert testimony to substantiate Davis's claim. That is insufficient.

Thus, Davis has failed to come forward with evidence to establish a prima facie case that inadequate medical attention was provided. Further, he has failed to establish that anyone was consciously indifferent to his medical needs. Hence, no constitutional violation has been presented. *See* Docket No. 94 (Order dated July 6, 2006). Necessarily, then, the Defendants could not have violated clearly established federal law. It was not unreasonable for the non-medical employees of the division of corrections to rely upon medical staff in determining the level of attention that Davis's condition required. Consequently, qualified immunity has been established as a matter of law.

Finally, there is simply no evidence of spoliation of evidence. No medical records were destroyed. Davis has not shown that any of the materials he seeks would likely support his case if they still existed. *See Zaverl v. Hanley*, 64 P.3d 809 (Alaska 2003). Thus, even if federal law would follow Alaska law in shifting the burden of proof in medical malpractice and related civil right's cases where defendants negligently destroyed essential evidence — a matter I do not decide — Davis has failed to establish a predicate for such a shifting of the burden of proof.

**IT IS THEREFORE ORDERED**:

The motion for summary judgment at **Docket No. 77** is **GRANTED**. This action is dismissed with prejudice. The Clerk shall enter an appropriate judgment.

Dated at Anchorage, Alaska, this 16th day of November 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0214.009.wpd