Thomas A. Matthews, ABA No. 8511179
Matthews & Zahare, P.C.
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516
Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com

Counsel for Plaintiff Davis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. A02-0214 CV (JKS) |
| ) | |
| ZELMER HYDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES**

Defendant's Motion for Attorney's Fees should be denied. First, the Motion is legally without merit, as Plaintiff's action was not frivolous, unreasonable or without foundation. The law limits a defendant's right to recover attorney's fees in civil rights litigation. Second, Defendants' argument that Plaintiff's claim was frivolous simply because he was unable to obtain expert testimony is factually incorrect. Finally, an award of attorney's fees against Plaintiff in this matter would work an extraordinary hardship on Plaintiff Charlie Davis. For each of these reasons, Defendants' Motion should be denied.

## I. FACTS

Plaintiff Charlie Davis is 74 years old. He entered state custody in April 2002 at the age of 70 with a severe heart condition. He was taking seven different medications. Davis' blood pressure was poorly controlled, and he suffered from a number of medical problems while he was incarcerated.[1]

Davis initially followed the State's grievance procedure, but his appeal eventually fell on deaf ears. Not until after filed this lawsuit did he receive a response to his grievance appeal (rejecting it out of hand).

This case went through various stages of development. Davis' filed the case *in forma pauperis* on his own behalf in 2002. After initial screening, the case was allowed to proceed, and counsel was requested by the court to be appointed for Mr. Davis.[2] Through the first two years of the litigation, no mention was made of the requirement for expert testimony until mid-2005.

Plaintiff Davis is a man of very limited means.[3] He is currently 74 years old, and dependent upon a modest Social Security check for support. Davis' medical care is provided through the V.A and Medicare.[4] Under the circumstances, Defendants' request for attorney's fees would work a substantial hardship on Mr. Davis.

---

[1] *See* Recommendation Regarding Motion to Dismiss (Docket No. 62) at pp. 9-10.
[2] *See* Orders (Docket Nos. 25 and 26).
[3] *See* Affidavit of Charlie Davis at p. 2 filed herewith.

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                                    Page 2 of 7

**II. ARGUMENT**

    **A.  Attorney's Fees Should Not Be Awarded Unless The Court Finds This Action Was Frivolous.**

As Defendants correctly points out, the legal standard for an award of attorney's fees in civil rights cases differs between a successful plaintiff and a successful defendant.  The prevailing plaintiff in a civil rights case should normally be awarded attorney's fees, while a prevailing defendant may only be awarded attorney's fees under limited circumstances.  In effect, the court must find that Plaintiff's action was brought or pursued without a good faith basis before it may award attorney's fees against Plaintiff.[5]  Thus, while fee shifting in favor of a prevailing plaintiff is the rule in civil rights case, fee shifting in favor of a prevailing defendant is the exception.  This Court has discretion to award attorney's fees to a prevailing Defendant, but only upon a finding that the claim brought against the Defendants was frivolous, unreasonable or without foundation.[6]  Finally, in determining whether the standard has been met by a prevailing defendant, the court must assess the claim at the time the complaint was filed and avoid *post-hoc* reasoning that simply because plaintiff did not ultimately prevail, the claim must have been frivolous or unfounded.[7]

---

[4] *Id.*
[5] *Christiansburg Garment Company vs. EEOC,* 434 U.S. 412, 421 (1978); *Hughes vs. Rowe*, 449 U.S. 5, 14 (1980).
[6] *Id.*
[7] *Tang vs. Rhode Island Department of Elderly Affairs*, 163 F.3d 7, 13 (1st Cir. 1998); *see also Tejada-Batista vs. Fuentes-Agostini*, 267 F.Supp.2nd 156, 159 (D. Puerto Rico 2003).

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                                              Page 3 of  7

**B. Plaintiff's Claim Was Not Frivolous, Unreasonable or Lacking Foundation.**

This action was filed by Charlie Davis *pro se* on August 16, 2002.[8] The case was screened by the Court initially pursuant to statutes applicable generally to claims by prisoners.[9] Following the Court's initial screening, Defendants filed three different motions to dismiss.[10] Each of Defendants' first three motions was denied by the Court.[11] In light of the Court's denial of each of these motions to dismiss, it can hardly be said that Plaintiff's claim was frivolous, unreasonable or wholly without foundation.

Indeed, Magistrate Roberts' comments in ruling upon Defendants' third motion to dismiss were quite telling:

> [T]he impassioned response made by Davis on this issue is not lost on the Court. It is very troubling that a person with such severe medical problems as Mr. Davis was not given more considered medical attention. A 70 year old man with an implanted defibrillator and seven prescription medications was different than an average prisoner in the regular prison population. Davis argues that under those circumstances his claims of physical injury were not *de minimis*, but life-threatening. The Court agrees. . . .[12]

Moreover, Magistrate Roberts explicitly rejected Defendants' contention that expert testimony was required for Plaintiff's case to proceed.

> Finally, the Court finds patently incorrect the Defendants' contention at Footnote 1 of their reply brief that Davis must submit expert testimony to

---

[8] Docket No. 1.

[9] Docket No. 4.

[10] *See* Motion to Vacate Order Directing Service and Response (Docket No. 5); Defendant's Motion to Dismiss For Failure to State A Claim (Docket No. 22); and Motion and Memorandum in Support of Defendants' Motion to Dismiss (Docket 46).

[11] *See* Orders at Docket Nos. 6, 36, and 66.

[12] Order at Docket No. 62.

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                 Page 4 of  7

support his case because that is what is necessary in medical malpractice cases. First, this is not a medical malpractice case. Secondly, this is not a motion for summary judgment; therefore, even if this were liken to a medical malpractice case, such evidence would not be necessary to defeat this motion to dismiss.[13]

Viewing the facts in the light most favorable to Plaintiff, this Court cannot conclude that the Plaintiff's claim was frivolous when filed. Indeed, at the time the claim was originally filed, Defendants had failed to respond to Plaintiff's grievance within the time set by their own internal policies.

### C.  The Absence of Expert Testimony Does Not Make This Claim Frivolous

Ultimately, Defendants' prevailed on summary judgment because Plaintiff was unable to support his claim with expert testimony. Plaintiff argued, in good faith, that expert testimony was unnecessary.[14] The suggestion that expert testimony was required in this case originated in the Court's analogy to a medical malpractice claim. In the med-mal arena, expert testimony is required in many instances – but not all – to determine whether there has been a breach of the standard of care. Following this analogy, Plaintiff argued that expert testimony was unnecessary in this case. The Court rejected Plaintiff's argument, but that does not make it "frivolous, unreasonable, or without foundation."

---

[13] *Id.*at p. 11.
[14] *See* Plaintiff's Opposition to Defendants' Motion For Summary, at pp. 17-19 (Docket No. 91).

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                                      Page 5 of  7

### D. An Award of Attorney's Fees Would Be Entirely Inequitable Given Plaintiff's Financial Circumstances

As the Court recognized at the outset, Plaintiff's financial ability to pay is quite limited.[15] It has not improved much since he was released from State custody. Mr. Davis survives on Social Security and obtains his medical care through the Veteran's Administration. He is 74 years old. Under the circumstances, he has no ability to pay an award of attorney's fees, or costs, even if one were made. Under the circumstances, it would be entirely inequitable and unjust.[16]

### III. CONCLUSION

Defendants have failed to demonstrate that this action was frivolous, unreasonable or without foundation. The case was not frivolous, and the lack of expert testimony did not make it so. Finally, an award of attorney's fees and costs against Plaintiff would work an inequitable hardship upon the 74 year old Charlie Davis.

DATED this 11th day of December 2006, at Anchorage, Alaska.

MATTHEWS & ZAHARE, P.C.
Counsel for Plaintiff Davis

By: s/ Thomas A. Matthews
Thomas A. Matthews, ABA No. 8511179
431 West 7th Ave., Suite 207
Anchorage, Alaska 99501
Phone: (907) 276-1516
Facsimile: (907) 276-8955
tom.matthews@matthewszahare.com

---

[15] *See* Order at Docket No. 3.
[16] *See Tejada-Batista*, 267 F.Supp. at 160-161.

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.: A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                                                  Page 6 of 7

<u>CERTIFICATE OF SERVICE</u>

I certify that on 11th day of December 2006
a copy of the foregoing document was
served by electronic mailing to:

Marilyn J. Kamm, Esq.
Assistant Attorney General
State of Alaska, Dept. of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811


    s/Thomas A. Matthews _____

Opposition to Defendants' Motion for Attorney's Fees
*Davis v. Hyden, et. al.*, Case No.:  A02-0214 CV (JKS)
TAM:jlw\103-2\OppMtnFees                                                                                          Page 7 of  7