Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendants Hyden
& Henry

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CHARLIE J. DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ZELMAR HYDEN, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 3:02-cv-214-JKS |

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEYS FEES**

Although the Magistrate disagreed that plaintiff needed an expert, Defendants filed an Objection to the Magistrate's Report and Recommendation in which they provided plaintiff with authority for their claim that an expert was needed by him to make a *prima facie* claim.   See Docket 64, Objection to Report and Recommendation.  Exhibit A to Docket 64 was a copy of this court's Order in *Esslinger v. Worrall et al*, Case No. A01-0237 CV (JKS) in which this court expressly

Reply to Opposition to Motion for Attorneys Fees
*Davis v. Hyden, et al.*, Case 3:02-cv-214-JKS
Page 1 of 5.

ruled that a plaintiff claiming inadequate medical treatment in prison needed to present expert testimony to support his claim:

> …Esslinger's claims are based upon his contention that he was …denied necessary medical treatment….Whether we view Esslinger's claims as pure civil rights claims in which he will have to show "conscious indifference" to his medical problems, or as supplemental medical malpractice claims, Esslinger must establish a standard of psychiatric care and then show that his treatment fell below that level of care. All of Esslinger's claims really turn on the available mental health evidence. *Hence, to prevail or to avoid judgment Esslinger must present expert testimony from a mental health practitioner supporting his claim that he was not in need of the psychiatric care he received, and that it was not consistent with the standard of mental health care to segregate him while he was being treated.* There is no such evidence in the record.

*Esslinger v. Worrall, supra.*

And in the Order dated July 6, 2006, this court expressly stated that Davis must introduce expert testimony regarding the standard of care and its breach in order to avoid summary judgment.

> …The Court reads the United State Supreme Court cases predicating Eighth Amendment violations based upon conscious indifference to medical needs as incorporating an action for medical malpractice, even where those guilty of the malpractice goes beyond mere negligence and becomes conscious indifference – a form of recklessness. See Order at Docket No. 85. **The Court remains convinced that Davis must introduce expert testimony regarding the standard of care and its breach in order to avoid summary judgment**. *Kendall v. State, Div. of Corrs*, 692 P.2d 953 (Alaska 1984). While it is possible that some derelictions could be so obvious that a lay juror would not need the benefit of expert testimony, i.e., amputation of the wrong leg, or leaving a medical tool inside a patient after the completion of an operation, *id*. at 955, that is not the case here. …
>
> …Here, a man with a serious heart condition complains of discomfort, yet no expert testimony connects his discomfort with medical malpractice, as opposed to the natural progression of his disease. ….

Reply to Opposition to Motion for Attorneys Fees
*Davis v. Hyden, et al.*, Case 3:02-cv-214-JKS
Page 2 of 5.

> Davis's case comes down to the assertion that proper medical care would have eliminated or significantly alleviated Davis's pain and discomfort. There does not appear to be any testimony to that effect. (footnote omitted). Thus, if the Court were to rule today, summary judgment for the defense would be granted. …
>
> …***The Court would strongly urge Davis to seek an opinion from a cardiologist regarding the level of treatment he received***.

Docket 94, Order filed July 6, 2006 (emphasis added).

Defendants do not seek a recovery of all the fees spent defending this litigation. They only seek fees for defending this case after plaintiff was put on notice he needed an expert to proceed. The U.S. Supreme Court has stated that a civil rights plaintiff should not be assessed his opponent's fees unless his claim was frivolous, unreasonable or groundless, *or that he continued to litigate after it clearly became so. Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). *See also Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005); *Lane v. Sotheby Parke Bernet, Inc.*, 758 F.2d 71, 73 (2nd Cir. 1985)(reversing denial of Section 1988 and Title VII fees to defendant and remanding for consideration as to whether fees should be awarded for plaintiff's continuation of action after discovery was completed and it became evidence that he lacked sufficient evidence to establish even a *prima facie* claim).

Davis's conduct in this case became unreasonable once he was put on notice that an expert was required to make a *prima facie* case and that he did not have one. The court had previously appointed counsel for plaintiff to assist him with his claims. Despite his attorney's advice about what the law required, he stubbornly and

Reply to Opposition to Motion for Attorneys Fees
*Davis v. Hyden, et al.*, Case 3:02-cv-214-JKS
Page 3 of 5.

unreasonably insisted on proceeding with this litigation. He unreasonably continued to litigate after it became apparent he could not prevail.

Davis's claims about the impact of his litigation are incorrect. *See* Affidavit of Roger Hale. Palmer Correctional Center does not have 24 hour nursing care today. Correctional Officers still distribute medication at the med-line. *Id.*

Defendants respectfully request that this court award them attorneys fees for plaintiff's unreasonable continuation of this lawsuit after notice was given him that he needed an expert to present a *prima facie* claim.

Dated this 18th day of December, 2006, at Juneau, Alaska.

CRAIG J. TILLERY
ACTING ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK 99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on the 18th day of
December, 2006, a copy of the foregoing
Document was served electronically on:

Thomas Matthews
Matthews & Zahare
431 W. 7th Ave, Suite 207
Anchorage, AK 99501

By: s/Marilyn J. Kamm, ABA 7911105

Reply to Opposition to Motion for Attorneys Fees
*Davis v. Hyden, et al.*, Case 3:02-cv-214-JKS
Page 4 of 5.

State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Reply to Opposition to Motion for Attorneys Fees
*Davis v. Hyden, et al.*, Case 3:02-cv-214-JKS
Page 5 of 5.